# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0802, <u>State of New Hampshire v. Thomas Hauser</u>, the court on October 9, 2015, issued the following order:**

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Thomas Hauser, appeals his conviction following a bench trial in the Circuit Court (<u>Yazinski</u>, J.) on a charge of driving while under the influence of alcohol or drugs. <u>See</u> RSA 265-A:2 (2014). He argues that the evidence was insufficient, under a plain error standard of review, <u>see</u> <u>Sup. Ct. R.</u> 16-A, to support the trial court's finding that he was impaired.

At the outset, we note that the defendant, throughout his brief, refers to the evidence offered by the State to prove his impairment as "circumstantial," and argues that the sufficiency standard that applies when the evidence relied upon to prove an element of the crime is "solely circumstantial," <u>see</u>, <u>e.g.</u>, <u>State v. Gagne</u>, 165 N.H. 363, 367 (2013), applies in this case. We agree with the State, however, that the evidence it introduced to prove the defendant's impairment, summarized below, was not solely circumstantial. <u>See</u> <u>State v. Kelley</u>, 159 N.H. 449, 453-54 (2009) (distinguishing circumstantial from direct evidence of impairment within the context of driving while intoxicated).

We further note that the defendant asserts, without citation to the record, that an audio recording of his booking, which "was not disclosed . . . with the State's discovery, . . . was subsequently obtained and would have" supported a disputed component of his testimony. He then suggests that the State may have violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>State v. Laurie</u>, 139 N.H. 325 (1995), and requests that we remand for a <u>Brady</u> hearing. The trial record, however, does not support the defendant's claim that he "subsequently obtained" an undisclosed audio recording that supported his testimony. Rather, the only evidence in the record relative to a recording of the booking procedure establishes that the State produced a video of the procedure, but that its recording equipment was damaged and did not preserve any decipherable audio of the event. Because the record does not support the defendant's claim that the State withheld exculpatory evidence, we decline his invitation to speculate on whether there may have been a <u>Brady</u> violation.

Turning to the merits of the appeal, the defendant argues that the trial court engaged in plain error by finding, beyond a reasonable doubt, that he was impaired. The plain error rule "should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result." State v. Balch, 167 N.H. 329, 332 (2015). To constitute plain error, there must first be an error. See id. To prevail on a challenge to the sufficiency of the evidence, the defendant must establish that no rational trier of fact, after viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Ducharme, 167 N.H. ___, ___, 116 A.3d 1281, 1290 (2015). In reviewing the sufficiency of the evidence to convict, we are mindful that the "common sense evaluation of the credibility of witnesses is within the province and obligation of the" trier of fact. State v. Young, 159 N.H. 332, 339 (2009) (quotation, brackets, and ellipsis omitted).

To convict the defendant of driving while under the influence of alcohol or drugs, the State was required to prove that he drove a vehicle upon any way while he was under the influence of (1) "intoxicating liquor"; (2) "any controlled drug, prescription drug, over-the-counter drug, or any other chemical substance . . . which impairs a person's ability to drive"; or (3) "any combination of intoxicating liquor and controlled drugs, prescription drugs, over-the-counter drugs, or any other chemical substances . . . which impair a person's ability to drive." RSA 265-A:2, I(a). To establish that the defendant was impaired, the State was required to prove only that he was impaired to any degree. Ducharme, 167 N.H. at ___, 116 A.3d at 1290.

Viewed most favorably to the State, the evidence establishes that during the evening of July 10, 2014, the defendant drank one beer and half of a mixed drink over the course of forty minutes at a bar in Claremont. At that time, the defendant had been prescribed two separate narcotic analgesic medications to be taken in three daily doses, and he admitted that he had taken the drugs earlier that morning. The supervising bartender testified that the defendant became increasingly loud and incoherent during the time he was there, that the defendant appeared to be intoxicated, and that he would not have served the defendant another drink had he asked for one.

The defendant left the bar at approximately 9:50 pm. As he was leaving, he backed his pickup truck into the car of another patron, causing physical damage to both his truck and the car he had struck. The defendant did not immediately stop, however, but continued to exit the parking lot onto an abutting street. He then decided to return, and began to back up. Two Claremont police officers first observed the defendant as he was backing up. The defendant's truck was in the roadway straddling its double yellow line as

2

he was backing up in the officers' direction; he then stopped the truck in the opposite lane of traffic, and turned left into the bar's parking lot. Based upon their observations, the officers initiated a traffic stop.

During the stop, the defendant's movements were slow and lethargic, his speech was slurred, his eyes were bloodshot, and an odor of alcohol emanated from him. It took the defendant seven-to-ten seconds to answer routine questions. When one of the officers administered the horizontal gaze nystagmus test, the defendant exhibited all six standardized clues indicating that he was impaired. When the officer asked the defendant to rate how intoxicated he felt on a scale of one to ten, with one representing "complete[ly] sober" and ten representing "falling down drunk," the defendant responded, "two." Although he had only consumed one-and-a-half alcoholic beverages at the bar, and testified that he had had no other drinks prior to arriving at the bar, the defendant told the officers that he had had three drinks that evening.

After the defendant explained that he had physical limitations that would prevent him from performing any of the other standard field sobriety tests, the officers called a third officer, who had more advanced training in administering field sobriety tests, to administer alternate field sobriety testing. The third officer performed a "Modified Romberg Test," requiring the defendant to hold his head back and close his eyes for what he estimated to be thirty seconds. After ninety seconds had passed and the defendant had still not opened his eyes, the officer stopped the test. According to the officer, significantly overestimating the passage of thirty seconds suggests that the person being tested is under the influence of a depressant or a narcotic analgesic drug.

At this point, all three officers concluded that the defendant was impaired, and placed him under arrest. While he was being transported to the police station, the defendant was uncooperative. His uncooperative behavior continued at the police station, where he refused to take a blood alcohol concentration test or sign an administrative license suspension form.

Although the defendant disputed much of the officers' testimony, claimed that the officers had assaulted and injured him, and testified that he refused to take a blood test only because the officers refused to transport him to the hospital by ambulance, the trial judge found that his testimony was "probably the most fanciful story [that the judge had] heard in [the judge's] decade and a half on the bench." The trial judge was well within his discretion not to believe the defendant's testimony. Young, 159 N.H. at 339. Viewing all of the evidence in the light most favorable to the State, we conclude that a reasonable fact finder could have found, beyond a reasonable doubt, that the defendant was impaired to some degree. See, e.g., Kelley, 159 N.H. at 451, 455 (finding sufficient evidence of impairment where the officer saw the defendant cross over the double yellow line, the defendant admitted to having consumed

3

alcohol, her speech was slurred, her eyes were glassy, she emitted a strong odor of alcohol, and she performed poorly on field sobriety tests). Accordingly, there was no error, plain or otherwise, in the defendant's conviction.

<u>Affirmed</u>.

Dalianis, C.J., and Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
