Carroll
No. 2008-551

JEAN I. FLAHERTY

v.

DAVID E. DIXEY & a.

Argued: January 15, 2009
Opinion Issued: February 19, 2009

*Law Office of Thomas Morgan, PC*, of Salem (*Thomas Morgan* on the brief and orally), for the plaintiff.

*Wensley & Jones, P.L.L.C.*, of Rochester (*Franklin C. Jones* on the brief and orally), for the defendant.

HICKS, J. This case began in 1992 as a petition for the partition of real estate between the plaintiff, Jean I. Flaherty, and the defendants, David E. Dixey, Granite State National Bank and the Town of Ossipee. Neither the bank nor the town is a party to the current matter in which defendant Dixey (the defendant) appeals an order of the Superior Court (*Fitzgerald, J.*) denying his motion to vacate a default and decree *pro confesso*, and to grant a new trial. We vacate and remand.

The relevant facts are not in dispute. In the 1980s, the plaintiff and the defendant purchased two adjoining lots in Ossipee as joint tenants with rights of survivorship. In the late 1980s, the defendant moved onto one of the lots (Lot 2) and resided there, first in a trailer and later in a log home constructed with his own funds. He has resided there continuously since that time.

In 1992, the plaintiff brought a petition in the superior court seeking partition of the real estate and monetary damages. In her petition the plaintiff requested that Lot 2 be awarded to the defendant, and that the other lot (Lot 1) be awarded to her. She also sought to recover money she allegedly spent purchasing the two lots, as well as damages for being ousted from Lot 2. The defendant, though apparently aware of the petition, filed no appearance or answer and took no action relative to the petition. Approximately six months after the petition was filed, the defendant was deemed to be in default and the plaintiff was informed that judgment would be entered in her favor upon the filing of a motion for entry of judgment *pro confesso*.

Six months later, the plaintiff had not filed a motion but did file a proposed decree *pro confesso*. The proposed decree provided that both lots would be awarded to the plaintiff, along with money damages. The Trial Court (*Gray, J.*) signed the proposed decree, without amendment, in February 1993. The defendant did not receive a copy of the decree, or notice that it had been signed. The plaintiff never recorded the decree in the registry of deeds, the defendant never paid the damages assessed, and the plaintiff never sought execution on the damages award.

In July 2007, the defendant filed a motion seeking to vacate the 1993 default and decree and to grant a new trial, arguing, in part, that he was not aware of the 1993 decree until May 2007. The plaintiff did not file a timely appearance and answer to the defendant's motion and, in October 2007, a notice of default issued. Shortly thereafter, the plaintiff filed a motion for

late appearance and a motion for the removal of the default against her. Rather than hold a hearing or rule upon the motions, on April 29, 2008, the trial court issued an order in which it, *sua sponte*, applied the equitable doctrine of laches and concluded that it barred the defendant's attempt to reopen the case. Following the denial of his motion to reconsider, the defendant appealed.

Before addressing the merits of the defendant's appeal, we first deal with his pending motion to strike. In that motion, the defendant argues that the plaintiff's brief relies upon a deposition that was not in the record before the trial court and, therefore, both the deposition and any portions of the plaintiff's brief relying upon it should be stricken. In response, the plaintiff argues that the defendant has also relied upon portions of the deposition, as well as other information not in the record before the trial court. Therefore, she argues, the motion to strike ought to be denied.

■ On appeal, we consider only evidence and documents presented to the trial court. *See* SUP. CT. R. 13; *Lake v. Sullivan*, 145 N.H. 713, 717 (2001). Accordingly, we grant the motion to strike. We also note that to the extent either party relies upon documents or evidence not presented to the trial court, we do not consider them.

■ Regarding the defendant's claims on appeal, he raises numerous issues all relating to a single inquiry — whether the trial court erred in *sua sponte*, and without a hearing, applying the doctrine of laches to dismiss his attempt to undo what he alleges was an impermissible decree in 1993. We conclude that the trial court erred.

> Laches is an equitable doctrine that bars litigation when a potential plaintiff has slept on his rights. Laches is not a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced — an inequity founded on some change in the conditions or relations of the property or the parties involved. When the delay in bringing the suit is less than the applicable statute of limitation period, laches will constitute a bar to suit only if the delay was unreasonable and prejudicial. In determining whether the doctrine should apply to bar a suit, the court should consider the knowledge of the plaintiffs, the conduct of the defendants, the interests to be vindicated, and the resulting prejudice. The trial court has broad discretion in deciding whether the circumstances justify its application, and unless we find that the trial court's decision is unsupported by the evidence or erroneous as a matter of law, we will not overturn it.

*Premier Capital v. Skaltsis*, 155 N.H. 110, 118 (2007) (citations, quotations, ellipsis, and brackets omitted).

■ We conclude that the trial court's findings regarding the defendant's knowledge and the prejudice to the plaintiff are not supported by evidence in the record. Thus, we conclude that there would be no inequity in permitting him to pursue his claim.

Regarding the defendant's knowledge, the trial court found that despite his claim that he was not properly served, he was aware of the petition. While it may be the case that he was aware of the petition, the trial court points to no evidence and makes no ruling about whether he was aware of the alteration in the requested relief and the extinguishment of his rights in Lot 2. Moreover, the defendant avers that he periodically reviewed the registry of deeds between 1993 and 2007 and found no information indicating that his ownership rights had been terminated. As such, the evidence does not support the trial court's conclusion that the defendant knew of the decree so as to justify the imposition of laches.

Relative to the prejudice to the plaintiff, the trial court found that she would be "significantly prejudiced" should the defendant's motion to vacate the default and decree and for a new trial be granted, but did not state why that is so. There is, however, no evidence in the record indicating that the plaintiff has ever treated this property as her own since the decree was signed in 1993. There is no evidence that she attempted to reside there, or collect rent from the defendant, or do anything else indicating that she owned the property free of any ownership claim by the defendant. While there appear to have been discussions between the parties about the property between 1993 and 2007, there is nothing indicating that the plaintiff ever sought the removal of the defendant from the property, or that she had informed him of the decree. Furthermore, the defendant has paid to insure and maintain the property since 1993 and, though there is some dispute, he alleges to have paid all of the taxes on the property. We thus do not agree that the evidence supports the conclusion that the plaintiff would be prejudiced by the defendant's challenge to her claim of ownership. In short, there would be no inequity in permitting the defendant the opportunity to prove that his rights to the property ought not to have been eliminated in 1993.

The plaintiff alleges that she will be prejudiced because due to the lapse of time, evidence regarding whether the "defendant had consent to enter Lot 2, and on what terms" will be less reliable, if available at all. We do not agree that the diminution in the value of the available evidence is

sufficiently prejudicial to cut short the defendant's attempt to show that he is the rightful owner of the property upon which he has resided for more than fifteen years.

The plaintiff also contends that she would be prejudiced by the fact that the property has increased in value and, because she is the owner, removing it from her ownership would constitute economic prejudice. While the plaintiff might experience some prejudice as a result of a piece of valuable property being removed from her ownership, as noted, the defendant has argued that his inspections of the registry of deeds did not reveal that his rights in Lot 2 were ever terminated. Thus, he believed that his right as a joint tenant continued to exist. As such, he would suffer prejudice by being prevented from attempting to prove that he owns Lot 2. We, therefore, do not agree that the potential prejudice against the plaintiff is sufficient to support the imposition of laches. Accordingly, we conclude that the trial court erred in applying the doctrine of laches.

In the interest of judicial economy we also address the defendant's claims that the decree *pro confesso* and default against him ought to be vacated, and a new trial granted. As noted previously, the plaintiff's original prayers for relief included the request that the defendant be awarded Lot 2. This request was altered when the proposed decree was submitted.

As pointed out by the defendant, Superior Court Rule 24, which was in effect in 1992, states: "No plaintiff shall have leave to amend, unless in matters of form, after a default, until a notice upon the defendant, to show cause why the amendment should not be allowed, has been served." There is no dispute that the defendant did not receive notice of the proposed decree which was filed subsequent to his default. Further, it can hardly be gainsaid that the amendment of the relief from a more or less equal partition of the property to an award of the entire property along with a judgment of monetary damages is something more than a "matter of form." Thus, the defendant was entitled to have been served with notice. As the amendment required the defendant to receive notice, and as there is no dispute that the defendant was not served with notice, we conclude that the 1993 decree *pro confesso* must be vacated.

The plaintiff contends that a decree *pro confesso* admits only the facts pled, *see Bell v. Liberty Mut. Ins. Co.*, 146 N.H. 190, 196 (2001), not the conclusions of law, and because she had pled facts relative to both lots it was for the trial court to fashion a legal remedy relative to the lots, which it did. Also, according to the plaintiff, Rule 24 applies only to amendments to the factual allegations and not the prayer for relief. Thus, an amendment to the

prayer for relief does not require notice and Rule 24 has no effect upon the decree. We do not agree.

First, while a decree *pro confesso* may be limited to the well-pled facts alleged, there is nothing in Rule 24 suggesting that it is likewise limited. The rule draws no distinction between amendments to the facts pled or to the prayer for relief. *See* SUPER. CT. R. 24. Therefore, any amendment after default, if more than a matter of form, entitles the defaulted party to notice. Moreover, while the plaintiff may have made factual allegations relating to both lots, she did not contend that those facts entitled her to obtain Lot 2. In fact, the first count of her petition states that the defendant should receive Lot 2. Thus, any claim to the contrary was, in effect, an amendment to both the prayer for relief and the facts in count one of the petition. *See Lakeview Homeowners Assoc. v. Moulton Constr.*, 141 N.H. 789, 792-93 (1997). We conclude that under Rule 24 the defendant was entitled to notice of the amendment, and in the absence of notice, the 1993 decree cannot stand.

We make clear, however, that the default against the defendant is not vacated. The defendant admits that he was aware of the petition and that he chose not to file an appearance or answer in 1992. Thus, there is nothing indicating that the default against him was in any way improperly entered. Instead, we hold only that he be given an opportunity to do what ought to have been done in 1993, to address the proposed decree *pro confesso*. Accordingly, we vacate the trial court's finding of laches and the 1993 decree *pro confesso* and remand the matter for further proceedings consistent with this opinion.

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.