**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0331, <u>In the Matter of Maureen Crosson and Samuel Crosson</u>, the court on March 16, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Maureen Crosson, appeals a final decree issued by the Circuit Court (<u>Sadler</u>, J.) in her divorce from the respondent, Samuel Crosson. <u>See</u> RSA 458:16-a (2004); RSA 458:19 (Supp. 2014). She contends that the trial court erred in determining the distribution of marital assets by: (1) awarding a disproportionate amount of the marital assets to the respondent; (2) failing to consider the funds the respondent spent in violation of a non-hypothecation order; (3) awarding the respondent his interest in his mother's home in Pennsylvania; and (4) failing to provide for interest or security on the property settlement amount it allowed the respondent to pay her over twenty months.

She also contends that the trial court erred in its award of alimony to her by: (1) awarding her alimony in the amount of $250 per month until the age of sixty-five; (2) stating "[i]t is unclear if [the petitioner] has applied for disability income from Social Security"; (3) failing to consider the respondent's increase in debt during the pendency of the divorce; and (4) failing to consider the funds the respondent spent in violation of a non-hypothecation order. She also contends that the trial court erred by failing to rule on her motion for contempt "alleging [the respondent's] violation of the non-hypothecation order and dissipation of assets."

At the outset, we grant the petitioner's motion to strike the respondent's pay stub for November 2014 attached to his brief and his references in the brief to his monthly expenses to the extent that they differ from the financial affidavit he presented to the trial court. Upon appeal, we consider only evidence and documents presented to the trial court. <u>See</u> <u>Sup. Ct. R.</u> 13; <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009). The respondent does not contest the petitioner's assertions that the pay stub was not submitted at trial and that the expenses he asserts he has differ from those disclosed on his financial affidavit.

We first address the division of marital property. As we afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree, we will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>In the Matter of Henry & Henry</u>, 163 N.H.

175, 183 (2012). If the court's findings can reasonably be made on the evidence presented, they will stand. Id. In reviewing the trial court's distribution of marital property as part of a final decree of divorce, it is not our role to reweigh the equities in the case and divide the property accordingly. In the Matter of Heinrich & Heinrich, 164 N.H. 357, 365 (2012). "When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." State v. Lambert, 147 N.H. 295, 296 (2001).

RSA 458:16-a governs property settlements in divorce and enumerates various factors for the court to consider, including "[t]he age, health . . . employability . . . [and] needs and liabilities of each party." RSA 458:16-a, II(b). In addition, "the court may consider any other factor it deems relevant in equitably distributing the parties' assets." Heinrich, 164 N.H. at 364 (quotation and brackets omitted) (quoting RSA 458:16–a). Marital property is not to be divided by some mechanical formula, but in a manner deemed "just" based upon the evidence presented and the equities of the case. In the Matter of Sarvela & Sarvela, 154 N.H. 426, 431 (2006). We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Henry, 163 N.H. at 183.

In this case, the trial court awarded the petitioner more than half of the respondent's "IRA and/or 401(k) accounts" in recognition of the sums the respondent had withdrawn. It also made the respondent solely responsible for the loan he had taken against the retirement account. It awarded the petitioner one-half of the value of the joint checking account as of the time the respondent announced he wanted a divorce, in apparent recognition of the respondent's withdrawals from the account during the pendency of the divorce. Furthermore, it made the respondent solely responsible for his daughter's student loan that the petitioner had co-signed and directed that it be paid in full from the respondent's share of the proceeds from the marital home.

The petitioner argues that the trial court failed to consider the funds that the respondent "squandered or dissipated" in contempt of a non-hypothecation order. However, the trial court expressly stated that the award of marital property to her was "based considerably on payments of arrearages and compensation for funds taken by [the respondent] during the time the divorce was pending and obligations which should be solely his."

The petitioner argues that the trial court erred by awarding the respondent "any interest" he has in his parents' home in Pennsylvania because the respondent "refused to provide any discovery regarding the home and refused

[the petitioner] the opportunity to have the home appraised." She contends that, as a result, "the trial court had no basis by which to place a value on the home, other than the amount of insurance as stated in the homeowner's insurance policy." However, the trial court was entitled to credit the respondent's testimony that, although his parents had deeded the house to him while they maintained a life estate in it and responsibility for all the costs associated with it, he had no present beneficial interest in the house and was obligated, upon his mother's eventual death, to divide any proceeds from it with his siblings. If the trial court credited this testimony, then the lack of evidence regarding its value is irrelevant.

The petitioner argues that "[g]iven [the respondent's] past history of squandering and dissipating . . . marital assets and in increasing his indebtedness . . . while the divorce case was pending, it is unreasonable for the trial court not to award interest and security" on the portion of marital assets that the court allowed the respondent to pay over the course of twenty months. The petitioner has not demonstrated that she raised this argument with the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Furthermore, the trial court could have reasonably determined that the respondent had ample income to make the requisite payments and that the payment term was not long enough to warrant taking the time value of money into account. See In the Matter of Aube & Aube, 158 N.H. 459, 462 (2009) (recognizing trial courts have inherent discretion to take the time value of money into account when equitably dividing assets).

We conclude that the trial court's findings regarding the distribution of marital assets were reasonable upon the evidence presented. See Henry, 163 N.H. at 183.

We next address the issues concerning alimony. As with property distribution, trial courts have broad discretion in awarding alimony. Id. at 182. We review the trial court's decision under our unsustainable exercise of discretion standard. Id.; see Lambert, 147 N.H. at 296. Neither party here contests that alimony should be awarded. See RSA 458:19, I. RSA 458:19, IV identifies factors the trial court must consider to determine the amount of alimony. In this case, the trial court explicitly addressed those factors in its order and found facts relevant to them. We note that the trial court awarded the petitioner substantial marital assets. See RSA 458:19, IV(b) (allowing trial court to consider property awarded under RSA 458:16-a in determining alimony amount).

The petitioner argues that "alimony of $250 per month is parsimonious," that she "clearly needs more than that amount to meet her monthly expenses and to achieve a lifestyle approaching any degree of similarity to that which she

3

enjoyed during the marriage," and that the respondent "clearly has the means to pay more than the ordered amount and, in fact, offered to pay more." However, she does not contend that the trial court's findings regarding the statutory factors are not supported by the record.

The petitioner argues that that the trial court erred by stating in its order that "[i]t is unclear if [the petitioner] has applied for disability income from Social Security." However, she concedes that "there was no testimony [at the final hearing] concerning whether or [not she] had applied for Social Security disability benefits." Rather, she asserts that she supplied information regarding her ineligibility for social security benefits in her motion to reconsider. However, she has not provided us with a copy of that motion. See Bean, 151 N.H. at 250. The petitioner argues that the trial court based its decision to terminate alimony when she reaches age sixty-five upon an erroneous assumption that she would be eligible for social security payments at that time. However, the trial court made no finding regarding her eligibility for social security benefits. Thus, we cannot conclude that the court erred as a matter of law in determining that alimony should end at that time.

The petitioner argues that the respondent "should not have been allowed to benefit by having [his post-divorce-petition] debt considered by the trial court in a manner which reduced the amount of alimony that he would have to pay." However, although the trial court found that the respondent "has increased credit card debt based on substantial discretionary expenditures each month," it expressly deducted "what the court finds to be discretionary monthly expenses from each [party's] financial affidavits" prior to calculating alimony. The record does not otherwise establish that the trial court reduced the respondent's alimony obligation based upon the debt that he incurred during the divorce.

We conclude that the record establishes an objective basis sufficient to sustain the trial court's discretionary judgments regarding the award of alimony. See Henry, 163 N.H. at 182.

The petitioner argues that "[t]he trial court erred as a matter of law in failing to rule on the Petitioner's Motion for Contempt regarding the violation of the non-hypothecation order in light of the fact that the Respondent admitted the violation and the fact that the violation substantially reduced the assets to be divided." However, the petitioner has not provided us with a copy of her motion for contempt, nor has she established that she brought the trial court's failure to rule on the outstanding motion for contempt to its attention. See Fam. Div. R. 1.26(F); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).

4

The remaining issues raised by the petitioner are not sufficiently developed and, therefore, we need not address them.  See Blackmer, 149 N.H. at 49.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**