**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0410, <u>Peter Saunders & a. v. Town of Kingston</u>, the court on April 23, 2015, issued the following order:**

The defendant's motion to strike the plaintiffs' reply memorandum is granted to the extent that the memorandum raises new issues, <u>see</u> <u>Panas v. Harakis & K-Mart Corp.</u>, 129 N.H. 591, 617-18 (1987), and relies upon evidence not presented to the trial court, <u>see</u> <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>Sup. Ct. R.</u> 13; otherwise, the motion is denied.

Having considered the brief, memoranda, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Peter Saunders and Janet Saunders, appeal rulings and orders of the Superior Court (<u>McHugh</u>, J.), following a jury's verdict in favor of the defendant, the Town of Kingston (town). The plaintiffs argue that the trial court erred in: (1) denying their motion for recusal; (2) precluding them from introducing certain evidence; and (3) denying their motion to set aside the verdict.

The plaintiffs first argue that the trial judge erred in denying their motion to recuse him from the case based upon allegations of bias. "The party claiming bias must show the existence of bias, the likelihood of bias, or an appearance of such bias that the judge is unable to hold the balance between vindicating the interests of the court and the interests of a party." <u>In the Matter of Tapply & Zukatis</u>, 162 N.H. 285, 297 (2011) (quotation omitted). "The test for the appearance of partiality is an objective one, that is, whether an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case." <u>Id</u>. (quotation omitted). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Id</u>. (quotation omitted). "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id</u>. (quotation omitted). "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." <u>Id</u>. (quotation omitted).

The plaintiffs assert that the trial judge developed a bias against them as a result of their "long and contentious . . . legal history." The plaintiffs are referring to litigation arising from their opposition to the town's approval of a planned supermarket development. The trial judge presided over these proceedings, which were mentioned a number of times during the testimony in this case. The plaintiffs also assert that a number of the judge's rulings and remarks in this case demonstrated an "inability to act as a credible and impartial judge." They also argue that the judge should have recused himself because his son is employed as an attorney at a law firm that represents a bank (not a party to this case) in a separate case brought by the plaintiffs against that bank. Having reviewed the record, we conclude that no reasonable person would have questioned the judge's impartiality and that no factors were present that would have <u>per</u> <u>se</u> disqualified him from participating in this case. See <u>id</u>.; see also <u>Miller v. Blackden</u>, 154 N.H. 448, 456 (2006) (holding that mere fact that trial court recused itself in prior matters involving defendant's business partner, who was not a party to the case, did not establish appearance of bias); <u>State v. Bader</u>, 148 N.H. 265, 271 (2002) (discussing <u>per</u> <u>se</u> rules of disqualification).

The plaintiffs next argue that the trial court erred in a number of its evidentiary rulings. "The trial court has broad discretion to determine the admissibility of evidence, and we will not disturb its ruling absent an unsustainable exercise of discretion." <u>N.H. Dep't of Transp. v. Franchi</u>, 163 N.H. 797, 803 (2012). The plaintiffs argue that the trial court erred in not allowing them to introduce: (1) an affidavit from their deceased friend attesting to the condition of their house, under various exceptions to the hearsay rule; (2) a bank's appraisal of their house, under the business records exception to the hearsay rule; and (3) testimony from a town resident regarding the defendant's alleged failure to inspect and maintain a catch basin on his property, as evidence of the town's routine practice of allegedly negligent maintenance of catch basins. The plaintiffs also argue that the court erred in limiting the scope of their expert's testimony to exclude testimony regarding the wetlands area adjacent to their house and in not ordering certain employees of the New Hampshire Department of Transportation to testify at trial, after the State moved to quash subpoenas for their appearance. Having reviewed the record, we conclude that the plaintiffs have failed to demonstrate that the trial court's evidentiary rulings were clearly untenable or unreasonable to the prejudice of their case. See <u>id</u>.

The plaintiffs next argue that the trial court erred in denying their motion to set aside the verdict, asserting that the verdict is contrary to the weight of the evidence. "[A] jury's verdict may only be set aside if it is conclusively against the weight of the evidence or if it is the result of mistake, partiality, or corruption." <u>George v. Al Hoyt & Sons, Inc.</u>, 162 N.H. 123, 133 (2011) (quotation omitted). "For a verdict to be conclusively against the weight of the evidence it must be one no reasonable jury could return." <u>Id</u>. We will uphold

2

the court's decision unless it is unsupported by the evidence or constitutes an unsustainable exercise of discretion.  Id.

In this case, the jury found that the plaintiffs failed to prove that the defendant's allegedly negligent maintenance of the storm drainage system caused the water damage to their house.  The defendant's expert witness testified that the plaintiffs' water problems were due to a high water table, run-off from the roof, the grading around the house, holes in the foundation, and leaks in the roof and windows.  In the opinion of the defendant's expert, the catch basin on the plaintiffs' property did not contribute in any significant way to the water problems in the house.  Having reviewed the record, we cannot conclude that the trial court erred in denying the plaintiffs' motion to set aside the verdict.  See id.

To the extent that the plaintiffs' brief raises additional arguments, we conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993); see also Stewart v. Bader, 154 N.H. 75, 78 (2006) (noting that "a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review") (quotation omitted).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3