**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0546, <u>Josephine Amatucci v. Timothy Morgan, Esq.</u>, the court on April 14, 2016, issued the following order:**

The plaintiff's motion for summary judgment and motions to supplement the case, in which she asserts that she "just discovered" the "original true video" in the circuit court, are denied. On appeal, we consider only evidence and documents presented to the trial court. <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>see</u> <u>Sup. Ct. R.</u> 13. Having considered the brief, memorandum of law, reply brief, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Josephine Amatucci, appeals the order of the Superior Court (<u>Temple</u>, J.) denying her requests for relief under the Right-to-Know Law, RSA ch. 91-A (2013 & Supp. 2015), and awarding attorney's fees to the defendant, Timothy Morgan, Esq. She argues that the trial court erred in finding that: (1) she was not entitled to relief under the statute; and (2) the defendant was entitled to an award of attorney's fees.

The plaintiff filed this action seeking an order that the defendant produce the "original true video" of events that occurred at the Wolfeboro Police Department on May 7, 2014. On July 6, 2015, the trial court held a hearing on her petition. The defendant testified, and the trial court found, that pursuant to circuit court orders issued in a criminal case against the plaintiff, the original thumb drive and three copies of the video were delivered to the circuit court, where they remain subject to public inspection and viewing. The video was played during the plaintiff's trial. The court further found that the defendant no longer has possession of the thumb drive or copies of the video, and that he has fully complied with the Right-to-Know Law.

Moreover, the court found that since May 7, 2014, the plaintiff has made multiple requests for this video, that it "has already been produced for [the plaintiff] on multiple occasions," and that both the plaintiff and her former counsel in the criminal case were provided with copies. In this action, as the court noted, the plaintiff also requested that: (1) the defendant be incarcerated if he does not produce the video; (2) the court dismiss the criminal charges that were brought against her in the circuit court; and (3) the court indict both the defendant and the police. The court found that the plaintiff's requests have no basis in fact or law, and that this litigation is frivolous, unjust and vexatious, warranting an award of attorney's fees. <u>See</u> RSA 91-A:8, II ("The court may

award attorney's fees to a public body or . . . employee . . . for having to defend against a lawsuit under the provisions of this chapter, when the court finds that the lawsuit is in bad faith, frivolous, unjust, vexatious, wanton, or oppressive.").

The plaintiff challenges the trial court's findings. It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide her issues on appeal. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

The plaintiff has not provided a transcript of the July 6, 2015 hearing. Absent a transcript of the hearing, we must assume that the evidence was sufficient to support the trial court's order. See Atwood v. Owens, 142 N.H. 396, 396 (1997). We review the court's order for errors of law only, see id. at 397, and find none.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2