**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0449, <u>Charles Emerson v. Noel Gonzales & a.</u>, the court on July 31, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Charles Emerson, appeals the order of the Circuit Court (<u>Kent</u>, Referee, approved by <u>Rappa</u>, J.), following a hearing in a small claims case, entering a judgment for the defendants, Noel Gonzales and Melody Dumais, on his claim for breach of contract involving the sale of a bus.

We construe the plaintiff's brief to argue first that the trial court's factual findings are not supported by the evidence and are contrary to the evidence. We will affirm the trial court's factual findings unless they are unsupported by the evidence. <u>Behrens v. S.P. Constr. Co.</u>, 153 N.H. 498, 500-01 (2006). Conflicts in testimony, questions about the credibility of witnesses, and the weight to be given to testimony are matters for the trial court to resolve. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009). "If the findings can reasonably be made on all the evidence, they must stand." <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 38 (2007) (quotation omitted).

The record shows that the plaintiff, following an inspection, purchased a bus from the defendants for $10,000. The plaintiff asserts that the defendants misrepresented the condition of the bus and reneged on their agreement to deliver it to his home in Massachusetts. The trial court found that the sale was an "as is" and "where is" sale, that there was no fraud or misrepresentation, and that the plaintiff accepted the vehicle in Littleton, New Hampshire, and assumed any risk or expense entailed in transporting the bus to his home in Massachusetts.

The court found that the defendants arranged to have the bus driven to Massachusetts only to accommodate the plaintiff. The defendants' driver left the bus at a Wal-Mart in Tilton, New Hampshire, after the defendants received phone calls from the plaintiff that they felt were threatening. We conclude that the trial court's findings are supported by the record and are reasonably made, based upon the evidence. <u>See</u> <u>Behrens</u>, 153 N.H. at 500-01; <u>Blagbrough Family Realty Trust</u>, 155 N.H. at 38.

The plaintiff also asserts that he "now has printed evidence of the texts from the Defendants which shows that they misrepresented to the Court the basis of this case," and that if the trial court had allowed him to introduce texts from his phone into evidence, "we would not be in this appeal situation."  It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues in the trial court.  Id.; see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).  The plaintiff in this case has failed to show that he sought to introduce texts from his phone into evidence, that the trial court denied any such request, or that the plaintiff objected to any such ruling by the trial court.  Accordingly, this issue is not preserved for review.

We reject the plaintiff's request to review exhibits attached to his brief that were not presented to the trial court.  See Flaherty v. Dixey, 158 N.H. 385, 387 (2009) (on appeal, we consider only evidence and documents presented to the trial court); see also Sup. Ct. R. 13.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**