# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0290, <u>In the Matter of Robert Howard, Jr. and Caroline Howard</u>, the court on November 13, 2017, issued the following order:**

Having considered the brief, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Robert Howard, Jr. (husband), appeals the final decree of the Circuit Court (<u>Cross</u>, Referee, approved by <u>Foley</u>, J.) in his divorce from the respondent, Caroline Howard (wife), arguing that the court erred in ordering him to pay alimony of $900 per month for four years.

The trial court issued its order after a final divorce hearing. The husband failed to provide a transcript of the hearing for our review. It is the burden of the appealing party, here the husband, to provide this court with a record sufficient to decide his issues on appeal. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

Each of the issues raised by the husband contains factual components and challenges the wife's credibility and the weight given by the trial court to the evidence presented. Based upon the hearing testimony, the trial court found that the wife needs alimony of $900 per month and that the husband can afford to pay it. Absent a hearing transcript, we assume that the evidence was sufficient to support the court's decision, <u>see</u> <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997). There are no errors of law on the face of the trial court's order. The husband also raises factual issues arising only after the hearing. On appeal, we consider only evidence and documents presented to the trial court. <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>see</u> <u>Sup. Ct. R.</u> 13.

This order is without prejudice to seeking relief from the trial court based upon factual issues arising after the hearing in this case.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**