# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0026, <u>Ajit Kumar v. Peter Vallieres & a.</u>, the court on September 16, 2019, issued the following order:**

The plaintiff's motion to add a "relevant new and latest" circuit court decision to the record is denied. On appeal, we consider only evidence and documents presented to the trial court in connection with the decision being appealed. <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>see</u> <u>Sup. Ct. R.</u> 13. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Ajit Kumar, appeals the order of the Circuit Court (<u>Leonard</u>, J.) ruling on his motion for a contempt finding and his request for statutory damages and other relief pursuant to RSA 540-A:4 (Supp. 2018) for alleged violations of the landlord and tenant statute. We construe his brief to argue that the trial court erred in denying the motion.

The record shows that on November 21, 2018, the trial court, following a hearing on the motion, declined to hold the defendants, Peter Vallieres, Louise Jackson, and Ann Sacco, in contempt of its "November 7, 2018" order. Instead, the court ordered the defendants to permit the plaintiff's inspector to access the residence on December 5, 2018.

The plaintiff did not provide a copy of his contempt motion to us on appeal. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250-51 (2004) (noting that it is the appellant's burden to provide a record sufficient to address his issues on appeal); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (noting that self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). The record does not contain an order dated November 7, 2018; however, the plaintiff's attorney represented at the hearing that the final order was dated October 31, 2018, and that November 7, 2018 was the date of the clerk's notice. In its October 31, 2018 order, the trial court ordered the plaintiff to provide the defendants with at least 24 hours' notice before seeking access to the premises for repairs, remediation, or inspection. The record also contains an October 31, 2018 order issued in a separate case, initiated by the defendants, in which the court found that they had denied the plaintiff reasonable access to the premises.

To the extent that the plaintiff argues on appeal that the defendants, after having received the October 31, 2018 orders, thereafter denied him access

to the premises, despite having received the required 24 hours' notice, we note that the parties proceeded by offers of proof at the contempt hearing. Factual issues as to whether and when the defendants had denied the plaintiff access to the premises were disputed. The contempt power is discretionary, and the proper inquiry is not whether we would have found the defendants in contempt, but whether the trial court unsustainably exercised its discretion. In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007). The record does not compel a finding that the defendants were in contempt. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the plaintiff's contempt motion.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**