# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0305, <u>In the Matter of Kerryn Hullstrung and Chris Moulton, Jr.</u>, the court on April 11, 2022, issued the following order:**

The petitioner's January 4, 2022 request for "an emergency order that identifies that this case is an active appeal" is denied. To the extent that the respondent's brief contains allegations that are contrary to, or not supported by, the record, the petitioner's motion to strike filed January 7, 2022, is moot, as we have not considered any such allegations in reaching our decision. To the extent that the motion seeks other relief, it is denied. The petitioner's motions "to inform," filed January 14, 2022, and January 31, 2022, are denied, as they raise factual issues that were not presented to the trial court and are beyond the scope of this appeal. <u>See</u> <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009) (On appeal, we consider only evidence and documents presented to the trial court.). The respondent's request in his brief that we strike the petitioner's brief and dismiss the appeal is denied.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Kerryn Hullstrung (mother), appeals the order of the Circuit Court (<u>Countway</u>, J.) granting, in part, the request of the respondent, Chris Moulton, Jr. (father), to change the name of the parties' child. We construe the mother's brief to argue that the trial court unsustainably exercised its discretion in changing the child's name. We affirm in part, vacate in part, and remand.

We apply our discretionary standard of review to a trial court's order on a parent's motion to change a child's name. <u>In re Name Change of Goudreau</u>, 164 N.H. 335, 337 (2012). Under this standard, we consider only whether the record establishes an objective basis sufficient to sustain the trial court's decision. <u>Id</u>. at 338. We will not disturb the court's decision if it could reasonably have been made. <u>Id</u>.

The trial court found that the parties discussed possible names for their child shortly after learning that the mother was pregnant. For a boy, the mother suggested Folsom Gray for the first and middle names, and the father agreed. After the parties learned that they were having a boy, they referred to him as Folsom. Prior to the child's birth, the parties' relationship ended and became contentious. The mother gave birth on October 8, 2020, and did not

inform the father until one week later. Meanwhile, the mother listed the child's name on the birth certificate as Colsen Gray Hullstrung and did not identify a father on the birth certificate.

The court found that although the father "wanted and expected to be involved at the hospital," and "made efforts to stay informed," the mother "thwarted his involvement by failing to provide information to him." The court found that, as a result of the mother's conduct, the name Colsen had "unhappy connotations" for the father. The court found it to be in the child's best interest to have the first name that the parties originally chose, Folsom, along with a hyphenated last name, which "will reflect both parents' importance in his life." Without input from the parties, the court selected Cole as the child's middle name, which the court intended to be "a tribute to his former first name Colsen," concluding that the child's name shall be Folsom Cole Hullstrung-Moulton.

The mother filed a "motion to correct order," which we construe to be a timely motion for reconsideration, requesting, in part, that the trial court "[r]evoke" the "Judge selected name, Cole, as [the child's] middle name," noting that neither party had requested it. In his name change petition, and at the hearing, the father requested that the child retain the name Gray. In ruling on the motion, the trial court incorrectly observed that the mother had appealed the name change issue to this court, and that it lacked jurisdiction to decide the motion. See Rautenberg v. Munnis, 107 N.H. 446, 447 (1966). The mother had apparently filed a "notice of intent to appeal" with the circuit court, but she had not yet appealed to this court. The trial court stated that, "to the extent the parties wish to agree to the middle name Gray, this Court would not bar that" relief. This appeal followed.

On appeal, the mother challenges the trial court's factual findings, many of which were based upon its resolution of the parties' conflicting testimony at the name change hearing. "The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses." In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). "Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve." Id. "Indeed, resolution of the best interests of a child depends to a large extent upon the firsthand assessment of the credibility of witnesses, and the findings of the trial court are binding upon this court if supported by the evidence." Id. Here, the trial court's findings of fact relative to its decision to change the child's first and last names are supported by evidence in the record.

The mother also argues that the trial judge's findings demonstrate a bias against her. She objects to the court's findings that the father "was consistent, kind, supportive and very interested in the progress of the pregnancy." She

2

also objects to the court's determination that, although the father "made efforts to stay informed," the mother "thwarted his involvement by failing to provide information to him." Opinions formed by the judge based upon facts introduced at the hearing do not constitute bias unless they demonstrate a deep-seated favoritism or antagonism that would make fair judgment impossible. In the Matter of Tapply & Zukatis, 162 N.H. 285, 297 (2011). Based upon our review of the record, we conclude that no reasonable person would have questioned the judge's impartiality and that no factors were present that would have per se disqualified the judge from participating in this case. See State v. Bader, 148 N.H. 265, 268-71 (2002).

We disagree with the mother's contention that the appointment of a guardian ad litem was necessary to resolve this name change dispute. We also disagree that a mother's choice should presumptively be in the child's best interest. We have held that neither parent should benefit from a presumption in child-naming disputes. See Goudreau, 164 N.H. at 339.

With respect to the child's middle name, the trial court's order on reconsideration indicates that, but for the court's misunderstanding that the mother had already filed her appeal, it would have granted her request that the child's middle name remain Gray, the name to which the parties had agreed. Accordingly, we vacate the trial court's order to the limited extent that it changed the child's middle name from Gray to Cole, and remand so that the trial court may grant the mother the relief it would have granted her on reconsideration. In all other respects, the trial court's order is affirmed.

We need not address the remaining issues raised in the mother's brief, as they were either not raised in the trial court, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004), are inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or are not relevant to the issues on appeal.

Affirmed in part; vacated in part; remanded.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3