# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0006, <u>T.W. v. J.W.</u>, the court on April 22, 2022, issued the following order:**

The motion of the defendant, J.W., for late filing of his objection to the motion of the plaintiff, T.W., to strike "extra-record information" from his brief and appendix is granted. The plaintiff's motions to strike "extra-record information" from the defendant's brief and appendix, reply brief, and objection to the motion to strike information from the reply brief, are moot, as we have neither considered nor relied upon such "extra-record information." We decline the defendant's request that we consider such information under our plain error rule. On appeal, we consider only evidence and documents presented to the trial court. <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>see</u> <u>Sup. Ct. R.</u> 13.

The defendant's motion for transcripts is denied. It is the defendant's burden on appeal to provide a record sufficient to decide the issues he is raising. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). If the defendant intended to argue on appeal "that a finding or conclusion [of the trial court was] unsupported by the evidence or [was] contrary to the evidence," the Supreme Court Rules specifically required that he "include in the record a transcript of all evidence relevant to such finding or conclusion," and to identify the relevant proceedings to be transcribed in his notice of appeal. <u>Sup. Ct. R.</u> 15(1), (3). These rules are not relaxed for self-represented parties. <u>See</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001).

Here, the defendant did not identify any proceedings to be transcribed in his notice of appeal, but instead affirmatively represented that a transcript was not necessary. He only requested a transcript after the plaintiff had already filed an opposition brief arguing that the defendant's failure to provide the relevant transcript rendered the record insufficient. The defendant has not established the requisite good cause to suspend the requirements of Rule 15, <u>see</u> <u>Sup. Ct. R.</u> 1, and allowing the late preparation of a transcript under these circumstances would unfairly prejudice the plaintiff. <u>Cf. Panas v. Harakis & K-Mart Corp.</u>, 129 N.H. 591, 617-18 (1987) (declining to address argument raised for first time in reply brief due in part to opposing party's inability to respond and unacceptability of allowing submission of additional briefs after briefing schedule had closed).

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals an order of the Circuit Court (<u>Greenhalgh</u>, J.), following

a hearing, granting a domestic violence final order of protection to the plaintiff. See RSA 173-B:5 (Supp. 2021).  We construe the defendant's brief to argue that the evidence was insufficient to support the order.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence.  Achille v. Achille, 167 N.H. 706, 716 (2015).  "Abuse" means the commission or attempted commission of one or more of several criminal acts, including assault and harassment, constituting a credible present threat to the plaintiff's safety.  See RSA 173-B:1 (Supp. 2021).

The trial court found that the defendant abused the plaintiff as defined in RSA chapter 173-B.  As noted above, the defendant failed to provide a transcript of the hearing on the plaintiff's domestic violence petition.  Absent a transcript, we must assume that the evidence was sufficient to support the court's order.  See Atwood v. Owens, 142 N.H. 396, 396 (1997).  We review the court's order for errors of law only, see id. at 397, and find none.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**