**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0393, <u>In the Matter of Devlin Morey and Leslie Groves</u>, the court on April 11, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The respondent, Leslie Groves (Mother), and the petitioner, Devlin Morey (Father), are the unmarried parents of a young child.  Mother appeals the final parenting plan issued by the Circuit Court (<u>Subers</u>, J.).   We affirm.

The trial court has broad discretion in matters involving parenting rights and responsibilities.  <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011).  Its overriding concern in such matters is the best interest of the child.  <u>Id</u>.  We will not overturn the trial court's decision on a parenting petition absent an unsustainable exercise of discretion.  <u>Id</u>.  This standard of review means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made.  <u>Id</u>.  We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence.  <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017).

On appeal, Mother relies, in part, upon exhibits that Father asserts were not offered at trial to argue that the trial court should have made a different decision.  We cannot consider exhibits that were not part of the trial court record.  "On appeal, we consider only evidence and documents presented to the trial court."  <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>see</u> <u>Sup. Ct. R.</u> 13.

Mother also relies upon her testimony and excerpts from Father's testimony that support her position.  The evidence before the trial court, however, was conflicting, and those conflicts were for the trial court to resolve in the first instance.  We defer to the trial court's judgment on such issues as resolving conflicts in testimony, evaluating witness credibility, and deciding the weight to be accorded evidence.  <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009).  The trial court is free to accept or reject, in whole or in part, the testimony of any witness, and is not required to believe even uncontested evidence.  <u>Id</u>. at 466.  Based upon our review of the written arguments, the

relevant law, the record on appeal, and the trial court's decision, we find Mother's appellate arguments unpersuasive, and we affirm the trial court's decision.

<u>Affirmed</u>

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2