# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0419, <u>Michael Degrasse v. Christine Hart</u>, the court on December 14, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Christine Hart, appeals an order of the Circuit Court (<u>McIntyre</u>, J.), following a hearing on the merits, awarding $6,429.72 in damages to the plaintiff, Michael Degrasse, for the conversion of a number of items of the plaintiff's personal property. On appeal, the defendant challenges the trial court's findings that she converted the items of property at issue or owed the damages awarded by the trial court. We affirm.

It is the burden of the appealing party, in this case the defendant, to provide a record on appeal that is sufficient to decide the issues she is raising. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). "If the [appealing] party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the [appealing] party shall include in the record a transcript of all evidence relevant to such finding or conclusion." <u>Sup. Ct. R.</u> 15(3). In the absence of a transcript of an evidentiary hearing, we assume that the evidence supports the trial court's findings of fact, and we review its decision only for errors of law appearing on the face of the order. <u>See</u> <u>Bean</u>, 151 N.H. at 250. These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

The defendant has not provided a transcript of the evidentiary hearing held in the trial court. We note that, although the defendant has appended to her brief several documents that she claims contradict the trial court's findings, the plaintiff suggests that such documents constitute "new evidence," and do not correspond to the "numerous" exhibits introduced at trial. In the absence of a transcript, we cannot determine whether the documents provided by the defendant were introduced at trial, <u>see</u> <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009) ("On appeal, we consider only evidence and documents presented to the trial court."), and we must assume that the testimony and other evidence presented at trial supports the trial court's findings that the defendant

converted the items of property at issue and owes the damages awarded by the trial court, see Bean, 151 N.H. at 250.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**