# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0392, <u>Mary Hebbard v. City of Dover & a.</u>, the court on June 27, 2024, issued the following order:**

The motion filed by the City of Dover to strike portions of the appellants' reply brief is granted in part. The new evidence provided by the appellants with their reply brief that was not submitted to the trial court, and the statements and arguments in their reply brief concerning such new evidence, are stricken. See <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009). Otherwise, the motion to strike is denied. The appellants' request in their objection to the motion that we order a new trial so that the trial court may consider the new evidence is denied without prejudice.

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. See <u>Sup. Ct. R.</u> 20(2). The appellants, Mary Hebbard and Richard Hebbard, appeal orders of the Superior Court (<u>Howard</u>, J.) granting partial summary judgment in favor of defendant City of Dover on several claims concerning public rights of way bounding their property, and ruling in favor of the city and the intervenor, the New Hampshire Fish and Game Department, following a seven-day bench trial on the remaining claims. On appeal, the appellants challenge numerous findings of fact and rulings of law concerning the location, scope, and extent of the rights of way, whether they own the entire fee interest, or only to the center line, of one of the rights of way, and whether they have interfered with the public's right of reasonable use in the rights of way.

As the appealing parties, the appellants have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's thorough and well-reasoned orders, the appellants' arguments, the relevant law, and the record submitted on appeal, we conclude that the appellants have not demonstrated reversible error. See <u>id</u>. Arguments raised for the first time in the appellants' reply brief are waived. See <u>Panas v. Harakis & K-Mart Corp.</u>, 129 N.H. 591, 617-18 (1987).

<u>Affirmed</u>.

Donovan and Countway, JJ., concurred; Abramson, J., retired superior court justice, specially assigned under RSA 490:3, concurred.

**Timothy A. Gudas,**
**Clerk**
