**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0056, <u>In re Estate of Anthony Martini</u>, the court on July 15, 2024, issued the following order:**

Anthony Colantonio's motion for leave to reply to the executor's objection to his motion for sanctions is denied. His motion for sanctions against Executor Pittocco and Attorney Bielagus is denied. To the extent that the appellants' appendix contains documents not provided to the trial court, we have not considered them. <u>See</u> <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009). Accordingly, Louis Pittocco's motion to strike is moot.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The appellants, Anthony Colantonio and Elizabeth Colantonio, creditors of the Estate of Anthony Martini, appeal the order of the Circuit Court (<u>Quigley</u>, J.), denying their motion to vacate all probate action in New Hampshire. The creditors argue that the trial court erred in ruling that the probate proceeding in New Hampshire is the primary estate administration because, they assert, the decedent, Anthony Martini, was a resident of Connecticut, not New Hampshire. We affirm.

"The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (2019). Accordingly, we will not disturb the trial court's order unless it is unsupported by the evidence or plainly erroneous as a matter of law. <u>In re Estate of Dow</u>, 174 N.H. 37, 41 (2021).

RSA 21:6 (2020), defining "resident" and "inhabitant," provides: "A resident or inhabitant or both of this state . . . shall be a person who is domiciled or has a place of abode or both in this state . . . , and who has, through all of his or her actions, demonstrated a current intent to designate that place of abode as his or her principal place of physical presence to the exclusion of all others."

RSA 21:6-a (2020), defining "residence" or "residency," provides: "Residence or residency shall mean a person's place of abode or domicile. The place of abode or domicile is that designated by a person as his or her principal place of physical presence to the exclusion of all others. Such residence or residency shall not be interrupted or lost by a temporary absence from it, if there is an intent to return to such residence or residency as the principal place of physical presence."

"[A] person is a New Hampshire 'resident' under RSA 21:6 and has a New Hampshire 'residence' under RSA 21:6-a if they live in New Hampshire and have indicated through all of their actions that New Hampshire is their 'most important' place of physical presence, to the exclusion of all other places in which they may live." Casey v. N.H. Sec'y of State, 173 N.H. 266, 273 (2020). This does not "mean that, to have a New Hampshire 'residence' under RSA 21:6-a, the person cannot also live elsewhere." Id. "Rather, it means only that there is no other place that the person, through all of their actions, has demonstrated is their 'most important' place of physical presence." Id.

On August 16, 2022, the trial court held an evidentiary hearing on residency. The court found, "[a]fter considering the witnesses' testimony, the exhibits, and arguments of counsel and the parties," that the decedent designated Spofford, New Hampshire "as his principal place of physical presence to the exclusion of all others." The court found that the decedent was domiciled in Spofford, and that he had "demonstrated an intent to designate that as his place of abode." The court credited the testimony that the decedent spent a significant amount of time in New Hampshire, "usually approximately five out of seven days a week," and that he registered his vehicles, received his mail, and voted in New Hampshire.

The creditors submitted evidence that, in their view, showed that the decedent's principal place of residence was in Connecticut. The trial court has broad discretion to resolve conflicts in the testimony, measure the credibility of witnesses, and determine the weight to be given evidence. In re Guardianship of Kapitula, 153 N.H. 492, 497 (2006). The trial court may accept or reject, in whole or in part, whatever evidence was presented. Id. at 497-98. Based upon this record, we conclude that a reasonable person could have found, as the trial court did, that the decedent was a resident of New Hampshire. See id.

The creditors raise numerous other issues and arguments. As the appealing parties, they have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the record, we conclude that they have not demonstrated reversible error. See id.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2