# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0625, <u>In the Matter of Hilary Buonopane and John Waite</u>, the court on October 2, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). Because we have not considered documents in the respondent's brief and appendix that were not provided to the trial court, <u>see</u> <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009), we conclude that the petitioner's motion to strike is moot, <u>see</u> <u>In re Guardianship of R.A.</u>, 155 N.H. 98, 100-101 (2007) (discussing mootness doctrine). The petitioner's request for attorney's fees incurred in connection with the motion is denied.

The respondent, John Waite (husband), appeals the final decree of the Circuit Court (<u>Rauseo</u>, J.), following a hearing, in his divorce from the petitioner, Hilary Buonopane (wife). He argues that the trial court erred in: (1) dividing the marital estate; (2) treating his North Carolina residence as a marital asset; and (3) finding him to be in contempt of the court's anti-hypothecation order. We affirm.

The husband first argues that the trial court did not divide the marital estate equitably. "In a divorce proceeding, marital property is not to be divided by some mechanical formula but in a manner deemed 'just' based upon the evidence presented and the equities of the case." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 35 (2002). We afford the trial court broad discretion in determining matters of property distribution when fashioning a final divorce decree. <u>In the Matter of Sanborn & Bart</u>, 174 N.H. 343, 353 (2021). We will not overturn the trial court's decision absent an unsustainable exercise of discretion or an error of law. <u>Id</u>. If the court's findings can reasonably be made on the evidence, they will stand. <u>In the Matter of Sanborn</u>, 174 N.H. at 353.

Under RSA 458:16-a, II (2018), "an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute." <u>In the Matter of Silva & Silva</u>, 171 N.H. 1, 11 (2018) (quotation omitted). The trial court need not consider all of the enumerated factors or give them equal weight. <u>Id</u>.

The trial court found that the wife "contributed significantly" to the parties' relationship by taking responsibility "for the care of the house, grocery shopping, payment of bills and the mortgage." The court also noted that, before the parties separated, the wife earned a higher income than the husband. In addition, the court found that the wife received an inheritance of approximately $30,000, which she used predominately for the parties' expenses. The husband disputes these findings. We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009).

The husband also argues the court erred in treating the North Carolina real estate as marital property, asserting that the court's order is contrary to North Carolina law. However, New Hampshire law governs this divorce, including the definition and division of marital property. RSA 458:16-a, I states that "[p]roperty shall include all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties." Marital property includes any property acquired up to the date of a decree of legal separation or divorce. In the Matter of Eckroate-Breagy & Breagy, 170 N.H. 247, 250 (2017); see RSA 458:16-a, I, II.

The trial court found that the husband purchased the North Carolina real estate with his first wife. The husband acquired title to the property before the court entered its divorce decree in this case. The court found the fair market value of the real estate to be $191,000, the parties' indebtedness to be $101,596.16, and their equity to be $89,403.16. After deducting $6,500 from the equity figure to account for the higher value of the vehicle awarded to wife, the court awarded her $41,451.58 for her share of the value of the marital residence. The court ordered the husband to pay that amount to the wife within 90 days, or the house will be sold, and the wife will receive her share of the marital estate from the sale proceeds. The husband argues that the court erred not only in awarding the wife an equal share of the equity in the real estate, but also in requiring him to pay her for her share within 90 days.

Finally, the husband argues that the trial court erred in finding him to be in contempt of the anti-hypothecation order. The contempt power is discretionary, and the proper inquiry is whether the trial court unsustainably exercised its discretion. In the Matter of Clark & Clark, 154 N.H. 420, 425 (2006). The court noted that its order clearly prohibited the parties from transferring assets. The court found, and the record supports a finding, that on July 17, 2023, while the divorce was pending, the husband transferred 2.8 acres of real estate to his mother for no consideration. The trial court awarded the wife her attorney's fees incurred in connection with the contempt.

2

Based upon our review of the briefs, the relevant law, the record on appeal, and the trial court's thorough and well-reasoned decision, we find the husband's arguments to be unpersuasive, and we affirm the trial court's decree.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**