Derry District Court
No. 2008-826

## THE STATE OF NEW HAMPSHIRE

v.

## JESSICA KELLEY

Argued: October 21, 2009
Opinion Issued: December 4, 2009

*Orville B. Fitch II*, acting attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief, and *Susan P. McGinnis*, senior assistant attorney general, orally), for the State.

*Timothy P. Gurshin*, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, Jessica Kelley, appeals her conviction after a bench trial in Derry District Court (*Coughlin*, J.) of driving while under the influence of intoxicating liquor (DWI). *See* RSA 265-A:2, I (Supp. 2008). We affirm.

A reasonable trier of fact could have found the following. At 12:35 a.m. on April 11, 2008, the defendant was driving north on Rockingham Road in Londonderry toward Derry. Her car crossed over the double yellow line into the southbound lane, nearly side-swiping Londonderry Police Officer Keith Lee's cruiser. Making a U-turn, Lee turned on his emergency lights

and stopped the defendant. She admitted to having consumed alcohol, and he observed several signs that she was intoxicated. He administered the horizontal gaze nystagmus (HGN), "one-leg stand" and walk-and-turn field sobriety tests. He determined that the defendant failed all three tests.

At trial, the defendant moved to strike evidence of the HGN test, arguing it was inadmissible because Lee testified that he did not administer it correctly. *See State v. Dahood*, 148 N.H. 723, 735 (2002). The trial court impliedly denied the motion and admitted the evidence.

On appeal, the defendant first argues that the trial court erred in admitting evidence of the HGN test because Lee failed to administer it correctly. The State concedes that the test results were improperly admitted, but argues that any error was harmless.

An error is not harmless unless the State proves beyond a reasonable doubt that it did not affect the verdict. *State v. Rogers*, 159 N.H. 50, 60 (2009). In deciding whether the State has met its burden, we consider the strength of the State's evidence presented at trial, as well as the character of the excluded evidence, including whether the evidence was inconsequential in relation to the State's evidence. *Id.* "An error may be harmless beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight and if the inadmissible evidence is merely cumulative or inconsequential in relation to the State's evidence of guilt." *Id.*

Here, other evidence of the defendant's intoxication was of an overwhelming nature, and the HGN test evidence was merely cumulative or inconsequential. Lee initially pulled over the defendant for crossing over the double yellow line into the southbound lane, which nearly resulted in a crash with his cruiser. When he pulled her over, she brought her vehicle to a sudden stop. Her speech was slurred, her face red and her eyes glassy. She emitted a strong odor of alcohol and she admitted to having consumed alcohol that evening. She had difficulty opening her car door, used the door for leverage to get out, and was unsteady on her feet. She failed the one-leg stand and the walk-and-turn field sobriety tests. Even without the HGN evidence, the remaining evidence presented by the State proved beyond a reasonable doubt that the defendant was guilty of DWI, since the State was required only to prove that her ability to operate her vehicle was "impaired to any degree." *State v. MacDonald*, 156 N.H. 803, 804 (2008) (quotation omitted). Accordingly, the trial court's failure to exclude the HGN evidence was harmless beyond a reasonable doubt. *Cf. State v. Hull*, 149 N.H. 706, 712 (2003) (holding that evidence of intoxication was sufficient where

defendant admitted having consumed three beers, smelled of alcohol, had slurred speech, blood shot eyes, swayed while standing, and performed poorly on field sobriety tests).

This case is distinguishable from *State v. O'Maley*, 156 N.H. 125, 128-30 (2007), *cert. denied*, 129 S. Ct. 2856 (2009). In that case, we held that, while there was no error in admitting a blood sample collection form and a laboratory director's testimony about the defendant's blood test results, had there been error, it would not have been harmless. *O'Maley*, 156 N.H. at 129-30. In *O'Maley*, the strength and character of the excluded evidence differed significantly from that at issue here, and the alternative evidence of the defendant's guilt was not of an overwhelming nature. *Id.* at 130. The *O'Maley* defendant was involved in a single-car accident, admitted to having been drinking and driving and emitted a strong odor of alcohol, but did not have red or glassy eyes, did not sway, and was not asked to complete any field sobriety tests. *Id.* Thus, in *O'Maley*, evidence of the defendant's blood alcohol content was not merely cumulative. *Id.* Moreover, in contrast to HGN evidence, blood alcohol evidence is sufficient, on its own, to constitute *prima facie* evidence of intoxication. *See* RSA 265-A:11 (Supp. 2008); *Dahood*, 148 N.H. at 734.

The defendant next argues that the evidence was insufficient to support her conviction. The State argues that this issue was not preserved by a contemporaneous and specific objection or motion at trial and that we cannot review it for plain error because the defendant did not analyze the sufficiency of the evidence under the plain error doctrine. *See* SUP. CT. R. 16-A. We assume, without deciding that the defendant preserved her challenge to the sufficiency of the evidence in the trial court, but we agree with the State that the evidence was sufficient to convict.

■ To convict the defendant, the State was required to prove beyond a reasonable doubt that the defendant drove or attempted to drive a vehicle upon a way while she was "under the influence of intoxicating liquor." RSA 265-A:2, I. To prove that the defendant was "under the influence of intoxicating liquor," the State need only prove beyond a reasonable doubt that the defendant was impaired to any degree. *MacDonald*, 156 N.H. at 804.

■ The parties disagree about the applicable standard of review for the defendant's sufficiency claim. The defendant contends that "the lack of any chemical evidence renders the State's case a circumstantial case," and that, "[c]onsequently, the State's evidence had to establish impairment beyond a reasonable doubt, to the exclusion of all rational conclusions except guilt." In support of this contention, she cites *State v. Lorton*, 149 N.H. 732, 733-35 (2003), in which we reversed a DWI conviction for lack of sufficient

evidence. The defendant essentially argues that *Lorton* establishes that any evidence other than chemical test results, including direct observations of a defendant's behavior, constitutes circumstantial evidence of impairment. The State counters that if *"Lorton* can be said to hold that either a witness's direct observations of intoxicated behavior or a witness's opinion that a defendant is impaired based on such observations is always circumstantial evidence of impairment," it "should be clarified or overruled." Both parties analyze ambiguities in our holding in *Lorton*. We, therefore, take this opportunity to clarify *Lorton's* implied characterization of all non-chemical evidence as being circumstantial evidence of intoxication. In doing so, however, we emphasize that "[t]he law makes no distinction between direct evidence of a fact and evidence of circumstances from which the existence of a fact may be inferred." *State v. Kelley*, 120 N.H. 14, 16 (1980); *see also* 2 C. FISHMAN, JONES ON EVIDENCE § 11:7, at 270 (7th ed. 1994) ("It is axiomatic that circumstantial evidence can suffice to sustain a verdict . . . ."); *United States v. Andrino*, 501 F.2d 1373, 1378 (9th Cir. 1974) ("Circumstantial evidence is not less probative than direct evidence, and, in some instances, is even more reliable.").

In *Lorton*, the following evidence was supported by the record. A trooper stopped the defendant for making a right hand turn without a signal. *Lorton*, 149 N.H at 732. The trooper observed that the defendant smelled of alcohol, his eyes were red and glassy and his face was flushed. *Id.* The defendant performed poorly on the walk-and-turn and the one-leg stand field sobriety tests; however, the roadway edge where the tests were conducted was wet. *Id.* at 733. The defendant admitted to having consumed alcohol but refused to take a breath test. *Id.* In holding that there was insufficient evidence to convict, we stated: "[W]e cannot say . . . that the circumstantial evidence in this case excluded all rational conclusions except that the defendant was guilty." *Id.* This statement indeed suggests that we considered the trooper's direct observations to be circumstantial, as opposed to direct, evidence of the defendant's intoxication or impairment.

In reaching our holding in *Lorton*, however, we relied in part upon dicta in *State v. Arsenault*, 115 N.H. 109, 111 (1975), where we stated: "Admittedly the results of the field sobriety tests do not possess the scientific reliability or the same degree of certitude attributed to the chemical analysis of the alcoholic blood content by a breathalyzer or other such methods." In *Arsenault*, the issues were whether evidence obtained from field sobriety tests is competent despite its lack of scientific basis and whether such evidence was admissible in light of a defendant's constitutional right not to incriminate himself. *Id.* at 110. We held that the evidence

is competent and admissible. *Id.* at 112-13. We did not discuss whether it constituted direct or circumstantial evidence of impairment. We noted, however, that:

> It has been the law in this jurisdiction for more than a century that[] [i]ntoxication is a fact open to the observation of every man; and no special skill or learning is requisite to discern it. Untrained laymen have always been permitted to testify as to intoxication on the basis of sight, smell, speech and locomotion. It is also a commonly recognized fact that the consumption of alcohol impairs coordination, judgment and alertness.

*Id.* at 111 (citation, quotations, brackets and ellipsis omitted); *see State v. Gowen*, 150 N.H. 286, 289 (2003).

■ Direct evidence "is evidence which, if accepted as true, directly proves the fact for which it is offered, without the need for the factfinder to draw any inferences." FISHMAN, *supra* § 11:6, at 268 n.33. In New Hampshire, direct evidence has been defined to include "the testimony of a person who claims to have personal knowledge of facts about the crime charged such as an eyewitness." *State v. Newcomb*, 140 N.H. 72, 80 (1995) (quotation omitted).

■ ■ Though the issue was not before the *Arsenault* court, nothing in that opinion runs contrary to these definitions of direct evidence. Where a defendant is charged with DWI, as in any other case, the State could, in theory, present any type of "evidence which, if accepted as true, directly proves" impairment, "without the need for the factfinder to draw any inferences." FISHMAN, *supra* § 11:6, at 268 n.33. It follows that chemical evidence does not constitute the sole form of direct evidence of impairment. In this case, for example, Lee observed directly that the defendant crossed the double yellow line, brought her vehicle to a sudden stop, and that she displayed slow and unsteady movements. She admitted to him that she had been drinking alcohol. These facts together constitute direct evidence of impairment in the context of the statute. *Accord George v. State*, 812 So. 2d 1103, 1105, 1107-08 (Miss. Ct. App. 2001) (holding that testimony of a waitress who saw the defendant drinking and thought he was "obviously intoxicated" was direct evidence of intoxication (quotation omitted)); *Nichols v. State*, 591 N.E.2d 134, 137 (Ind. 1992) (holding that officers' observations of the defendant constituted direct evidence of intoxication). To the extent, if any, that *Lorton* conflicts with this holding, it is overruled.

■ Having clarified the scope of *Lorton*, we now turn to whether the evidence was sufficient to convict in this case. To prevail in a challenge to the sufficiency of the evidence, the defendant bears the burden of proving

that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt. *State v. Crie*, 154 N.H. 403, 406 (2006). In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. *Id.* Circumstantial evidence may be sufficient to support a finding of guilty beyond a reasonable doubt. *Id.* The trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. *Id.*

 Viewing the evidence in the light most favorable to the State, we conclude that it was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of DWI. As previously discussed, Lee initially stopped the defendant for crossing over the double yellow line into the southbound lane, which nearly resulted in a crash with his cruiser. When he stopped her, he observed several signs that she was impaired. She admitted to having consumed alcohol and failed the one-leg stand and the walk-and-turn field sobriety tests.

Contrary to the defendant's argument, this case is factually distinguishable from *Lorton*. In *Lorton*, the defendant failed to use a turn signal while making a right turn, but "stopped in a safe and prudent manner." *Lorton*, 149 N.H. at 734. Here, Lee stopped the defendant because she crossed over the double yellow line and nearly crashed into his cruiser. She came to a sudden stop upon being pulled over. While the defendant in *Lorton* was able to immediately produce his license and registration, *id.*, the defendant here had difficulty producing her registration. While searching for it, she "fiddl[ed] through the different papers, very slow, almost like she . . . didn't know what she was doing." In *Lorton*, the defendant had no difficulty getting out of his car and "walked with a normal gait without stumbling or faltering in any way." *Id.* at 734. The *Lorton* defendant's walk-and-turn test results were "essentially unremarkable," *id.* at 735, whereas here, the defendant failed.

The defendant did not brief the remaining question in her notice of appeal. Accordingly, we deem it waived. *State v. Hofland*, 151 N.H. 322, 327 (2004).

*Affirmed.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.