# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0360, <u>State of New Hampshire v. Suzanne Walsh</u>, the court on March 7, 2018, issued the following order:**

Having considered the brief filed by the defendant, Suzanne Walsh, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals her conviction, following a bench trial in Circuit Court (<u>Crocker</u>, J.) for misdemeanor driving while under the influence of intoxicating liquor, first offense. <u>See</u> RSA 265-A:2, I(a) (2014). We affirm.

The sole issue for our review in this appeal is whether the evidence was sufficient to prove that the defendant drove while impaired. "When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State." <u>State v. Francis</u>, 167 N.H. 598, 604 (2015). "In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation." <u>State v. Thelusma</u>, 167 N.H. 481, 487 (2015) (quotation omitted). "Further, the trier may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom." <u>Id.</u> (quotation omitted).

To prove that the defendant was guilty, the State was required to prove beyond a reasonable doubt that she "drove or attempted to drive a vehicle upon a way while [she] was under the influence of intoxicating liquor." <u>State v. Wiggin</u>, 151 N.H. 305, 309 (2004) (quotation omitted); <u>see</u> <u>also</u> RSA 265-A:2, I(a). "To prove that the defendant was under the influence of intoxicating liquor, the State need only prove impairment to any degree." <u>Wiggin</u>, 151 N.H. at 309 (quotations omitted).

Considering all of the evidence and the reasonable inferences therefrom in the light most favorable to the State, we conclude that the evidence was sufficient to find the defendant drove while impaired. A police officer found the defendant's vehicle stopped in the southbound lane on Route 13 in Milford, such that its right half was over the white fog line and its left half was in the southbound travel lane. To pass the defendant's vehicle, other drivers had to cross into, and partially travel in, the northbound lane.

When the officer asked the defendant if she was okay, she failed to respond, but, instead, just stared at him. The officer had to ask the defendant three times before "[s]he mumbled that she was just trying to go home." The officer asked the defendant for her license, and, again, she just stared at him. Eventually, she produced her license. The officer observed that the defendant's speech was "slowed and slurred" and that her responses to his questions were "delayed."

When the officer asked the defendant whether she had consumed any alcoholic beverages, she admitted that she had had two or three margaritas while waiting for her food at a restaurant. When the officer asked the defendant why she had pulled her vehicle off to the side of the road, she told him that she "was just taking a break." When he asked her if this was her normal route to her home in New Ipswich, she responded, "Um, I don't know." At this point, the defendant's vehicle, which had a manual transmission, began to roll backwards. The officer repeatedly told the defendant to apply the parking brake, and she eventually did so. The officer asked the defendant if she was "okay" to drive home, and she just stared at him "blankly." The officer asked the defendant if she would perform field sobriety tests, and she declined his request.

The officer then arrested the defendant for driving under the influence of intoxicating liquor. Upon arresting her, the officer removed the defendant's sunglasses and observed that she appeared "glassy-eyed" and that her eyes "were red" and "bloodshot." The officer smelled "the odor of an alcoholic beverage emanating from her breath." Inside the defendant's vehicle were "several bottles of alcoholic beverages," all still sealed.

With the officer's assistance, the defendant got into his cruiser. Once at the police station, she stumbled when she exited the cruiser. The defendant refused to submit to a blood alcohol test.

Contrary to the defendant's argument, this case is factually distinguishable from State v. Lorton, 149 N.H. 732 (2003), overruled on other grounds by State v. Kelley, 159 N.H. 449 (2009). In Lorton, the defendant failed to use a turn signal while making a right turn, but "stopped in a safe and prudent manner." Lorton, 149 N.H. at 734. Here, the defendant stopped her vehicle so that half of it was in the southbound lane of traffic, requiring other drivers to cross into, and partially travel in, the northbound lane in order to pass. The defendant in Lorton immediately produced his license, id.; the defendant here had to be asked several times to produce her license. In Lorton, the defendant had no difficulty getting out of his car and "walked with a normal gait without stumbling or faltering in any way." Id. Here, the defendant stumbled when she exited the police cruiser. Although the defendant had no difficulty entering the cruiser, she was helped by the officer. Viewing the evidence in the light most favorable to the State, we conclude that

2

it was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, that the defendant drove while under the influence of intoxicating liquor.  See <u>Kelley</u>, 159 N.H. at 455.

<u>Affirmed</u>.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**
