**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0716, <u>State of New Hampshire v. Gokhan Kumpas</u>, the court on September 17, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Gokhan Kumpas, appeals his conviction, following a bench trial in the Circuit Court (<u>Morrison</u>, J.), on a charge of driving while under the influence of alcohol, first offense. <u>See</u> RSA 265-A:2 (2014). We construe his brief to argue that the circumstantial evidence did not exclude all reasonable conclusions other than that he was impaired and, thus, that the evidence was insufficient to support his conviction. We assume, without deciding, that this issue is preserved.

To prevail on a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found him guilty beyond a reasonable doubt. <u>State v. Ducharme</u>, 167 N.H. 606, 616-17 (2015). We examine each item of evidence in the context of all the evidence, and not in isolation. <u>Id</u>. at 617. Circumstantial evidence may be sufficient to support a conviction. <u>Id</u>. When, however, evidence as to one or more of the elements of the charged crime is solely circumstantial, it must exclude all reasonable conclusions except guilt. <u>Id</u>.

To convict the defendant of driving under the influence of alcohol, the State was required to prove that he drove or attempted to drive a vehicle upon a way while he was "under the influence of intoxicating liquor." RSA 265-A:2, I(a). To establish that the defendant was "under the influence of intoxicating liquor," the State was required to prove only that he was impaired to any degree. <u>Ducharme</u>, 167 N.H. at 617. Our review of the defendant's challenge to the sufficiency of the evidence is <u>de novo</u>. <u>Id</u>.

At the outset, we agree with the State that the evidence of the defendant's impairment was not solely circumstantial and, thus, that the evidence was not required to exclude all reasonable inferences other than his guilt. <u>See</u> <u>State v. Cable</u>, 168 N.H. 673, 678 (2016). "Direct evidence is evidence which, if accepted as true, directly proves the fact for which it is offered, without the need for the factfinder to draw any inferences." <u>State v.</u>

Kelley, 159 N.H. 449, 454 (2009) (quotation omitted).  In the context of a prosecution under RSA 265-A:2, direct evidence of impairment may include direct observations that the arresting law enforcement officer made of the defendant.  See id.  In this case, the police officer who arrested the defendant testified that, at the time of his arrest, the defendant: (1) smelled of alcohol; (2) admitted that he had consumed a twenty-ounce beer; (3) was unsteady on his feet, and had to lean on the trunk of his car to support himself; and (4) refused to take an alcohol concentration test after being advised of the consequences of the refusal, RSA 265-A:10 (2014).  See Kelley, 159 N.H. at 454.

In his brief, the defendant does not contest that he performed poorly on field sobriety tests.  Nor does he contest that, prior to the stop, he had consumed at least a portion of a twenty-ounce beer, and that he refused to take an alcohol concentration test.  Instead, he suggests that his own testimony at trial was more credible than the officer's testimony, and that the trial court should have credited his explanations for why he performed poorly on the field sobriety tests and refused to take an alcohol concentration test.  In resolving a challenge to the sufficiency of evidence to support a criminal conviction, however, credibility determinations are within the exclusive province of the trier of fact.  See State v. Carr, 167 N.H. 264, 275 (2015).  Moreover, the record does not reflect that the defendant properly preserved his challenge to the weight of the evidence.  See State v. Hill, 163 N.H. 394, 396 (2012).  Viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that the defendant was impaired to any degree when he was stopped.  Ducharme, 167 N.H. at 616-17.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2