# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case Nos. 2018-0632 and 2019-0555, <u>State of New Hampshire v. Christopher M. Hanscom</u>, the court on May 21, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Christopher Hanscom, appeals his conviction, following a jury trial, of aggravated felonious sexual assault, <u>see</u> RSA 632-A:2 (2016), arguing that the Superior Court (<u>Temple</u>, J.) erred in denying his motions for a directed verdict, judgment notwithstanding the verdict, to set aside the verdict, and for a new trial. He argues that the evidence was insufficient to support the conviction, that the jury's verdict was against the weight of the evidence, and that the trial court erred in its instructions to the jury.

The defendant first argues that the evidence was insufficient, as a matter of law, to support his conviction. To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Karasi</u>, 170 N.H. 543, 545 (2018).

The defendant was convicted of violating RSA 632-A:2, I(m), which makes it unlawful to engage in sexual penetration with another person "[w]hen at the time of the sexual assault, the victim indicates by speech or conduct that there is not freely given consent to performance of the sexual act." The defendant argues that the evidence of non-consent was insufficient to support the conviction.

The record shows that the victim invited the defendant, whom she had met through her church's social media page but did not know, to her apartment for coffee. The victim testified that she and the defendant were sitting on opposite ends of a sofa, drinking coffee and having a conversation, when she stood up to play a musical recording. When her back was turned, the defendant came up behind her, grabbed her hair, pushed himself against her, and started kissing her. The victim told the defendant that "this is very inappropriate," and that she did not "want to do this." When the victim tried to sit back down on the sofa, the defendant grabbed her from behind, pulled her hair again, and pushed her down on the sofa. She repeatedly told the

defendant to stop, but he persisted.  The defendant attempted to remove the victim's leggings multiple times, and each time she tried to pull them up.  After telling the defendant more than a dozen times to stop, and after approximately 15 to 20 minutes of struggling, she stopped struggling.

The defendant argues that the evidence of non-consent was insufficient because "at some point during the incident [the victim] stopped struggling." He argues that the evidence of non-consent was solely circumstantial and did not exclude the reasonable conclusion that the victim consented to the sexual act.  To the contrary, the victim's repeated statements that she did not "want to do this," and telling the defendant to stop, constituted <u>direct</u> evidence of non-consent.  See State v. Kelley, 159 N.H. 449, 454 (2009) ("Direct evidence is evidence which, if accepted as true, directly proves the fact for which it is offered, without the need for the factfinder to draw any inferences." (Quotation omitted.))  Although the defendant testified that the victim consented, the jury resolved the conflicting testimony in the victim's favor.  "[W]here the proof involves both direct and circumstantial evidence, a sufficiency challenge must fail if the evidence, including the jury's credibility determinations, is such that a rational trier of fact could find guilt beyond a reasonable doubt, even if the evidence would support a rational conclusion other than guilt if the jury had resolved credibility issues differently."  State v. Saunders, 164 N.H. 342, 351 (2012).

In this case, the victim testified that she told the defendant at least a dozen times that she did not consent to his advances.  Eventually, she stopped physically resisting out of fear.  We conclude that the evidence, viewed in its totality, was sufficient for a rational trier of fact to have found beyond a reasonable doubt that the victim indicated by speech and conduct that she did not consent to the sexual act.  See State v. Lisasuian, 167 N.H. 719, 723 (2015).

The defendant next argues that his conviction was against the weight of the evidence.  In ruling on a motion to set aside a jury's verdict, the trial court must "exercise its discretion with caution and invoke its power to grant a new trial only in exceptional cases in which the evidence preponderates heavily against the verdict and where a miscarriage of justice may have resulted." State v. Durgin, 165 N.H. 725, 734 (2013) (quotation omitted).  We review a trial court's denial of a motion to set aside the verdict as against the weight of the evidence under our unsustainable exercise of discretion standard.  Id.

The defendant argues that the weight of the evidence established that, at the time of penetration, the victim no longer was telling him to stop and had stopped struggling.  Based upon this record, we conclude that this is not one of those exceptional cases in which the jury failed to give the evidence its proper weight, but rather, that it resolved credibility issues in the victim's favor.

Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in denying the defendant's motion to set aside the verdict. See id.

Finally, the defendant argues that the trial court erred in denying his motion for a new trial because it had failed to instruct the jury that the victim's lack of consent must be demonstrated at the time of the assault. "A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." RSA 526:1 (2007). Whether to grant a new trial under RSA 526:1 is a matter left to the sound discretion of the trial court, and we will not overturn its determination absent an unsustainable exercise of discretion. State v. Woodbury, 172 N.H. 358, 370 (2019).

As a general rule, a contemporaneous objection is necessary to preserve a jury instruction issue for appellate review. State v. Nightingale, 160 N.H. 569, 577 (2010). An objection to jury instructions raised for the first time in a motion for a new trial is not timely. State v. Kelly, 160 N.H. 190, 194 (2010). Because the defendant failed to raise this issue prior to his motion for a new trial, we conclude that it is not preserved for review.

Even if this issue were preserved, however, we would find no error. "[T]he purpose of the trial court's charge is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case." State v. Littlefield, 152 N.H. 331, 333-34 (2005) (quotation omitted). Consistent with RSA 632-A:2, I(m), the trial court instructed the jury that the State was required to prove that the defendant engaged in sexual penetration with the victim, and that the victim "indicated by speech or conduct that there was not freely given consent to the performance of the sexual act." We would conclude that the trial court's instruction to the jury adequately and accurately explained the lack of consent element of the offense. See Littlefield, 152 N.H. at 334.

Accordingly, we conclude that the trial court did not unsustainably exercise its discretion in denying the defendant's motion for a new trial. See State v. Woodbury, 172 N.H. at 370.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3