# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0372, <u>State of New Hampshire v. Taylor M. Kenny</u>, the court on June 18, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Taylor M. Kenny, appeals his conviction after a bench trial in the Circuit Court (<u>Gardner</u>, J.) of driving under the influence (DUI). <u>See</u> RSA 265-A:2, I (2014). We affirm.

The following facts are derived from the record. At approximately 11:30 p.m. on February 2, 2019, Durham Police Officer Pelletier was parked on Newmarket Road running stationary radar. The officer saw a vehicle traveling towards him at "a high rate of speed" and observed on the radar that the car was traveling 59 miles per hour in the 35 mile-per-hour zone. The officer turned his cruiser to follow the car, activated the cruiser's blue lights, and the car slowed quickly but remained in the travel lane for a short distance before pulling over to the side of the road.

The officer spoke with the defendant and asked for his license and registration. While providing his license, the defendant fumbled with his wallet and nearly dropped it twice. His eyes appeared bloodshot and droopy, and the officer noticed the odor of "an alcoholic beverage" coming from the vehicle. The officer asked if the defendant had been drinking and he said he had not. The officer twice asked the defendant to participate in field sobriety testing but he declined each request.

The officer asked if he had any medical conditions such as epilepsy or diabetes, or if he had suffered any recent head injuries, trauma, or hospitalizations; the defendant answered all of these questions in the negative. The officer then asked the defendant to step out of the vehicle and, after the officer's fourth request, the defendant complied. As the defendant stepped out of the car and walked to the rear of the vehicle, he was unsteady on his feet. Determining that the defendant was impaired and unable to safely operate a motor vehicle, the officer placed him under arrest for DUI.

While transporting the defendant to the police department, the officer smelled the odor of an alcoholic beverage inside the cruiser that had not been present before. In the intoxilyzer room at the police department, as they sat

facing each other across a table at a distance of approximately three feet, the officer continued to smell alcohol.  He told the defendant he could smell the odor of alcohol and again asked the defendant if he drank that night, but the defendant again denied drinking.  After reviewing the administrative license suspension form with the defendant, the officer asked him if he would submit to a breath test, but he refused.  The defendant marked the form indicating his refusal and noting that his refusal could be used as evidence against him in court.

After being read his Miranda rights, the defendant agreed to answer questions.  When asked why he was driving 59 miles an hour in a 35 mile-per-hour zone, the defendant responded that he had not realized he was going that fast.  As he spoke, his speech was slow and muffled.

Following a bench trial, the trial court found that:

> not being aware of the speed; the bloodshot eyes; slow, thick, muffled speech; dexterity issues; being unsteady on [his] feet -- the odor of alcohol, obviously, is not a sign of impairment on its own, but the denial combined with the odor, and refusal, all amount to any degree, however slight, which is the standard in this state.

Accordingly, the court ruled that the State proved its case beyond a reasonable doubt.

On appeal, the defendant argues that the trial court erred by finding that there was sufficient evidence to convict him of DUI.  According to the defendant, the State's evidence "was far from overwhelming, and, even when viewed in the light most favorable to the State, did not support a guilty finding beyond a reasonable doubt."  The defendant asserts that when compared to other cases where the officer observed erratic driving, confusion, slurred or difficult to understand speech, an odor of alcohol, difficulty maintaining balance, and where the defendant admitted to consuming alcohol, no rational trier of fact could have found that he was impaired.  We disagree.

RSA 265-A:2, I(a) provides that "[n]o person shall drive . . . a vehicle upon any way . . . [w]hile such person is under the influence of intoxicating liquor."  To prove that the defendant was "under the influence of intoxicating liquor," the State need only prove that the defendant was "impaired to any degree."  State v. Kelley, 159 N.H. 449, 452 (2009) (quotation omitted).  To prevail in a challenge to the sufficiency of the evidence, the defendant bears the burden of proving that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt.  See id. at 454-55.

In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. Id. at 455. The trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. Id.; cf. State v. Sage, 170 N.H. 605, 610-11 (2018) (in evaluating whether there existed reasonable suspicion supporting expansion of traffic stop to investigate DUI, "we do not consider each of [the officer's] observations in isolation; rather we consider them together and in light of the reasonable inferences that an officer who is experienced in detecting and investigating impaired drivers may draw").

Viewing all the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the State, we conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of DUI. The defendant was unaware that he was driving his vehicle 24 miles per hour over the speed limit. See Sage, 170 N.H. at 610 (defendant's inability to maintain correct speed was a factor supporting the officer's decision to investigate whether the defendant was driving under the influence); State v. MacDonald, 156 N.H. 803, 806 (2008) (speeding was evidence of erratic operation); cf. State v. Blesdell-Moore, 166 N.H. 183, 189 (2014) (finding no indicia of impairment where the defendant was not speeding or otherwise operating his vehicle in an erratic manner). The defendant's eyes were bloodshot and droopy, the odor of alcohol emanated from him, he fumbled with his wallet and almost dropped it twice, and he was unsteady on his feet. See Sage, 170 N.H. at 610 (finding reasonable suspicion of DUI where odor of alcohol emanated from vehicle and defendant's eyes were red and watery); Kelley, 159 N.H. at 455 (defendant had difficulty producing her registration, slowly fiddling through different papers). In addition, the fact finder could infer from the defendant's refusal to submit to a breath test that he was conscious of his guilt. See State v. Parmenter, 149 N.H. 40, 44 (2002); State v. Cormier, 127 N.H. 253, 256-60 (1985); RSA 265-A:10 (2014). Finally, Pelletier testified that, at the time of the defendant's trial, he had investigated "[a]pproximately 25" DUI cases and that he interacted with people impaired by alcohol on an almost daily basis in the course of his employment as a police officer over the previous three years.

Considering all of the officer's observations together and the reasonable inferences that may be drawn therefrom, we conclude that the defendant has not demonstrated that no rational trier of fact could have found him guilty of DUI beyond a reasonable doubt. See Kelley, 159 N.H. at 454-55. Accordingly, we reject his argument that the evidence was not sufficient to convict him of DUI.

Characterizing the evidence of impairment in this case as solely circumstantial, the defendant also argues that the trial court's guilty finding should be reversed because the State's evidence of impairment did not exclude

all rational conclusions except guilt, citing State v. Lorton, 149 N.H. 732, 733-35 (2003), overruled in part by Kelley, 159 N.H. at 454. The defendant asserts that evidence that he fumbled with his wallet and that there was "a general odor of alcohol emanating from [his] person" is "the type of evidence from which a rational trier of fact might draw inferences consistent with impairment or inferences consistent with innocence." Even assuming, without deciding, that the "circumstantial evidence" standard of review applies, see, e.g., State v. Vincelette, 172 N.H. 350, 354-55 (2019) (explaining standard), we conclude that the evidence in this case was sufficient to meet that standard. As set forth above, in addition to fumbling his wallet and smelling of alcohol, the defendant had bloodshot and droopy eyes, was unsteady on his feet, had slow and muffled speech, and was unaware he was driving 24 miles per hour over the speed limit. Given that the defendant also told the officer that he "had no medical issues whatsoever," including that he "was not diabetic, epileptic, was not taking any medications, [had] no head injuries, no hospitalizations" and no "problems with his back or legs or his balance," based on all of the evidence, and all reasonable inferences from it viewed in the light most favorable to the State, we hold that the evidence precluded any reasonable conclusion other than impairment from consuming alcohol. See id.

Affirmed.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred; DONOVAN, J., concurred specially.

DONOVAN, J., concurring specially. I agree with my colleagues that, in light of the applicable standard of review, we, as an appellate court, have little choice but to affirm the defendant's conviction of driving under the influence. See RSA 265-A:2, I (2014). I write separately, however, to point out that all of the evidence of the defendant's impairment is not direct, but, in fact, solely circumstantial. Despite our "clarification" of what constitutes direct evidence of impairment in State v. Kelley, 159 N.H. 449 (2009) (overruling, in part, State v. Lorton, 149 N.H. 732 (2003)), an investigating officer's observations of a DUI suspect's conduct may constitute direct evidence as to what the officer observed, but further inferences must be drawn for a fact finder to draw any conclusions as to whether those observations constitute evidence of impairment or intoxication. Thus, such observations constitute circumstantial, not direct, evidence of impairment. For this reason, I believe that our clarification of this distinction in Kelley was wrongly decided.

In my view, pursuant to our State's well-established standard for assessing evidence of an element that is solely circumstantial, the State was required to prove, beyond a reasonable doubt, that the evidence of impairment excluded all rational conclusions except guilt. See Lorton, 149 N.H. at 733-35. Based on the evidence presented to the trial court in this case, I question whether the State met that burden. Nonetheless, on appeal, we view the

evidence, and all inferences that may reasonably be drawn from that evidence, in the light most favorable to the State and the defendant bears the burden of proving that the evidence does not exclude all reasonable conclusions except guilt. State v. Roy, 167 N.H. 276, 292 (2015). Under this standard, we do not determine whether another possible hypothesis has been suggested by the defendant which could explain the events in an exculpatory fashion. Id. Rather, we determine whether the alternative hypothesis is sufficiently reasonable that a rational trier of fact could not have found proof of guilt beyond a reasonable doubt. Id. Given this standard, I cannot conclude that a rational trier of fact could not have found, beyond a reasonable doubt, that the defendant was impaired, although I have no doubt that another rational trier of fact could have found that the defendant was not impaired and thus not guilty.

The circumstantial evidence of impairment presented to the trial court in this case consisted of the following: (1) speeding, although the arresting officer testified that he did not observe any erratic driving after following the defendant for at least half a mile; (2) a generalized odor of an alcoholic beverage emanating from the defendant's person, although the defendant denied consuming any alcohol; (3) "poor manual dexterity" that caused the defendant to momentarily juggle his wallet in response to the officer's request for the defendant's license but did not impede the defendant's ability to retrieve his registration without difficulty; (4) the defendant's unsteadiness while walking to the back of his vehicle that did not reoccur throughout his encounter with the police; (5) bloodshot and droopy eyes; (6) muffled speech that did not interfere with the officer's ability to understand anything that the defendant said; and (7) refusals to submit to either field sobriety or breath tests[1]. From each of these observations a trier of fact could draw reasonable inferences consistent with innocence and if I were required to determine whether the State had established the defendant's guilt, beyond a reasonable doubt, I would have concluded that it did not. See, e.g., State v. Blesdell-Moore, 166 N.H. 183, 189 (2014) ("[N]ervousness is entirely consistent with innocent behavior." (quotation omitted)); Lorton, 149 N.H. at 735 (commenting that "[t]he absence of any significant corroborating evidence . . . weakens the inference" "that the defendant sought to suppress evidence of his guilt" by refusing to take a breath test); cf. State v. Ducharme, 167 N.H. 606, 612 (2015) (weighing an officer's observations of "a distinctive odor of alcohol coming from [the defendant's] breath" in favor of finding that probable cause existed to arrest the defendant for DUI (quotation omitted)); State v. Wiggin, 151 N.H. 305, 309 (2004) (concluding that sufficient evidence existed to support a DUI conviction when

---

[1] The trial court found that the defendant's refusals were "the most compelling" evidence the State presented. However, as we explained in Lorton, the probative value of the inference that a defendant is seeking to suppress evidence of his guilt by refusing to submit to a breath test is not the same in all cases. Lorton, 149 N.H. at 735. "The inference is much stronger, for example, when coupled with an admission," id., a fact not present here. In fact, "[t]he absence of any significant corroborating evidence [such as] erratic driving or outright failure of a sobriety test — further weakens the inference" that the trial court here found "most compelling." Id.

the defendant, among other things, admitted to consuming "a few beers" and failed five field sobriety tests).

The trial court concluded otherwise, finding that the evidence established that the defendant was impaired "to any degree, however slight, which is the standard in this state."[2]  Yet, comparing the evidence of impairment presented to the trial court in this case to the facts set forth in Lorton and Kelley suggests that proof beyond a reasonable doubt has somehow been reduced to a lower standard of proof in DUI cases, despite the significant penalties and, at times, disastrous consequences resulting from a DUI conviction.  For example, in Lorton the trial court convicted the defendant of DUI based upon the following evidence concerning the defendant's impairment: (1) an odor of alcohol from the defendant's breath; (2) red and glassy eyes; (3) red and flushed face; (4) an admission to drinking; (5) his failure to adequately perform two field sobriety tests (FSTs); and (5) the defendant's refusal to submit to a breath test.  Lorton, 149 N.H. at 733-34.  On appeal, after reviewing all of the evidence in the light most favorable to the State, we concluded, applying our standard for assessing evidence that is solely circumstantial, that this evidence was insufficient to prove the defendant's guilt beyond a reasonable doubt.[3]  Id.

In Kelley, we found that the evidence of the defendant's intoxication was "overwhelming."  Kelley, 159 N.H. at 451.  Indeed, in that case the defendant not only operated her vehicle in an erratic manner, she nearly crashed into the arresting officer's cruiser after crossing the double yellow line.  Id.  In addition, Kelley came to a sudden stop after being pulled over, she admitted to drinking, her speech was slurred, her face was red, her eyes were glassy, she was unsteady on her feet, she had difficulty exiting her vehicle, and she failed two FSTs.  Id.  The facts presented to the trial court here pale in comparison and are much more analogous to the evidence we considered in Lorton.  Indeed, most practitioners in this area of the law would likely describe the evidence of

---

[2] It bears noting that an approximation of this "standard" was first articulated in State v. Slater, 109 N.H. 279, 280 (1969).  See State v. Taylor, 132 N.H. 314, 316 (1989).  In Slater we observed that the "purpose of the [DUI] statute is to prevent the operation of cars by persons under the influence of intoxicating liquor."  Slater, 109 N.H. at 280.  We concluded that because "[t]here are no degrees of influence provided for in 'under the influence of intoxicating liquor,' . . . impairment to 'any degree' is sufficient to constitute the offense."  Id.  The term "however slight" appears nowhere in the Slater opinion.  Although we have regularly recited the "impaired to any degree" standard in our DUI jurisprudence, see, e.g., Wiggin, 151 N.H. at 309, we have never articulated precisely what it means or whether it refers to an impairment to operate a vehicle or merely any physiological impairment caused by the consumption of alcohol or intoxicating drugs.  Accordingly, this standard would benefit from further review in an appropriate case.  See, e.g., People v. Cruz, 399 N.E.2d 513, 516 (N.Y. 1979) (holding that the question in a prosecution for driving while impaired by alcohol is whether, "by voluntarily consuming alcohol, this particular defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver").

[3] As in this case, the arresting officer testified that he did not make any observations of erratic driving by the defendant.  Lorton, 149 N.H. at 734.

6

impairment submitted in this case as the typical, rote litany of observations presented in nearly every DUI prosecution.

Nonetheless, as I lamented at the outset, an appellate jurist does not have the benefit of simply reweighing all of the evidence or substituting his or her judgment for the judgment of the trial court.  When I consider all of the evidence together, as well as the reasonable inferences that may be drawn therefrom, I concur with my colleagues' conclusion that the defendant has not demonstrated that no rational trier of fact could have found him guilty of DUI beyond a reasonable doubt.  See Roy, 167 N.H. at 292.

Affirmed.