# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0543, <u>State of New Hampshire v. Justin K. Wright</u>, the court on July 12, 2021, issued the following order:**

Having considered the briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The defendant, Justin K. Wright, appeals his conviction under RSA 265-A:2, I(a) (2014) for driving while intoxicated. He argues that the Trial Court (Stephen, J.) erred in denying his motion to dismiss based on the State's failure to plead impairment. We affirm.

We briefly set forth the facts in the record before us. The defendant was stopped by the arresting officer on February 18, 2020. The officer testified that, prior to stopping him, he had observed the defendant exit a parking lot without stopping at a stop sign, subsequently change lanes without signaling, and then enter the wrong direction of traffic when he attempted to navigate a traffic island. After he stopped the defendant and explained the reason for the stop, the officer smelled burned marijuana as he was speaking to him and noticed that he had red, "glazy" eyes. He also smelled alcohol on the defendant's breath; the defendant stated that he had consumed four beers. The defendant agreed to field sobriety testing. The officer testified that, after the defendant completed the tests:

> I then told him to be honest with me and tell me how much he really had to drink. He said I had four, then he said plus or minus. I ask him, you mean, minus or plus? He said it was plus. So I ask him, well, it was a total of six beers that you had? And he said, yes.

Based on his observations of the defendant's performance on the field sobriety tests, his driving, and his conduct after the stop, and the defendant's admission to drinking, the officer arrested him. The defendant was transported to the police station where he signed an administrative license suspension form and refused to take a breath test. He was charged with violating RSA 265-A:2, I(a). At trial, defense counsel moved to dismiss the complaint "as being deficient" because it did not allege that the defendant was impaired. The trial court denied the motion and found the defendant guilty. This appeal followed.

The defendant contends that the issue before us is whether impairment is an element of RSA 265-A:2, I(a) "or whether the statute is ambiguous requiring the application of the rule of lenity." Both issues require statutory interpretation,

which are questions of law that we review de novo. See State v. Shaw, 173 N.H. 700, 714 (2020).

RSA 265-A:2, I(a) provides:

I. No person shall drive or attempt to drive a vehicle upon any way or operate or attempt to operate an OHRV:
(a) While such person is under the influence of intoxicating liquor or any controlled drug, **prescription drug, over-the-counter drug, or any other chemical substance, natural or synthetic, which impairs a person's ability to drive** or any combination of intoxicating liquor and controlled drugs, **prescription drugs, over-the-counter drugs, or any other chemical substances, natural or synthetic, which impair a person's ability to drive**;
. . .

The statute was amended in 2012 to add the language that appears in bold in the foregoing excerpt. The defendant argues that the statutory phrase "impairs a person's ability to drive" requires a higher standard of proof than the phrase "under the influence of intoxicating liquor or any controlled drug" that appears in both the statute and in the complaint.

Prior to its amendment, we held on several occasions that to obtain a conviction under this statute, the State was required to prove beyond a reasonable doubt that the defendant drove or attempted to drive a vehicle upon a way while under the influence of intoxicating liquor. See, e.g., State v. Kelley, 159 N.H. 449, 452 (2009). To prove that a defendant was under the influence of intoxicating liquor, the State was required to prove only that the defendant was impaired to any degree. Id. As the State observes, we have construed RSA 265-A:2, I(a) several times following its amendment in 2012 and in each case have continued to hold that to obtain conviction, the State must prove "beyond a reasonable doubt that the defendant drove or attempted to drive a vehicle upon any way while he was under the influence of intoxicating liquor." State v. Ducharme, 167 N.H. 606, 617 (2015) (quotation omitted). And we have further confirmed that, to establish that he was under the influence, the State need prove only that "the defendant was impaired to any degree." Id.

Examination of the language added to RSA 265-A:2, I(a) as a result of the 2012 amendment supports our conclusion that the amendment did not affect the language required to charge a defendant with driving under the influence of intoxicating liquor. The new phrase "which impairs a person's ability to drive" does not apply to the consumption of intoxicating liquor. Rather, it applies only to the language which immediately precedes it; that is, the catch-all descriptive phrase "or any other chemical substance, natural or synthetic." See In re D.O., 173 N.H. 48, 52 (2020) (applying last antecedent rule of statutory construction which requires that qualifying phrases are to be applied to words or phrases

immediately preceding and are not to be construed to apply to others more remote). As the State observes, the phrase "any other chemical substance, natural or synthetic" encompasses a broad range of substances. The limiting language imposed by the legislature makes clear that criminal liability will attach only if ingestion of the chemical substance impairs a person's ability to drive.

Although given the absence of ambiguity, we need not examine legislative history, see Teeboom v. City of Nashua, 172 N.H. 301, 318 (2019), we note that the legislative history of HB 1699 also supports our interpretation. The majority committee report of the House Criminal Justice and Public Safety Committee explained when it recommended that the bill be passed: "Current law only specifies controlled drugs of which there are only five controlled drugs. The change from 'controlled drugs' to chemical substances, natural or synthetic allows the abuse of several more intoxicating drugs or substances to be detected and used as evidence of impaired driving." N.H. H. R. Jour. 857 (2012).

To the extent that the defendant challenges the underlying complaint on a constitutional basis, we will assume without deciding that he has preserved this argument. But see, e.g., State v. Shaw, 173 N.H. 700, 710 (2020) (parties generally may not have appellate review of issues not raised before trial court). We have held that a charging document "must inform the defendant of the offense with which he is charged with sufficient specificity to enable him to prepare for trial and at the same time protect him from being put in double jeopardy a second time for the same offense." State v. Marshall, 162 N.H. 657, 661 (2011).

The complaint charged the defendant with "DUI – impairment" and alleged that the defendant "did drive a motor vehicle, to wit, a Saturn Ion, upon a way, to wit, Veterans Memorial Park Way in Salem, New Hampshire, while being under the influence of an intoxicating liquor." RSA 601:4 (2001) provides that a complaint "is sufficient if it sets forth the offense fully, plainly, substantially and formally, and it is not necessary to set forth therein the special statute, bylaw or ordinance on which it is founded." Given our interpretation of RSA 265-A:2, I(a), we conclude that the complaint met both statutory and constitutional requirements.

Affirmed.

Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**