# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0537, <u>State of New Hampshire v. Gregory Smith</u>, the court on October 23, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Gregory Smith, appeals his conviction, following a bench trial in Circuit Court (<u>Countway</u>, J.), on one misdemeanor count of driving while under the influence of intoxicating liquor.  <u>See</u> RSA 265-A:2, I(a) (2024).  We construe the defendant's brief to argue that the evidence was insufficient to prove his guilt beyond a reasonable doubt.  We affirm.

"A challenge to the sufficiency of the evidence presents a question of law; our standard of review is therefore <u>de</u> <u>novo</u>."  <u>State v. Cullen</u>, 175 N.H. 628, 630 (2023).  "To prevail upon this challenge, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, could have found the essential elements of the offense beyond a reasonable doubt."  <u>Id</u>.  "To convict the defendant, the State was required to prove beyond a reasonable doubt that the defendant drove or attempted to drive a vehicle upon a way while [the defendant] was 'under the influence of intoxicating liquor.'"  <u>State v. Kelley</u>, 159 N.H. 449, 452 (2009) (quoting RSA 265-A:2, I(a)).  "To prove that the defendant was under the influence of intoxicating liquor, the State need only prove beyond a reasonable doubt that the defendant was impaired to any degree."  <u>Id</u>. (quotation omitted).

In this case, the trial court found that police had reasonable suspicion to stop the defendant for speeding after the officer's calibrated police cruiser radar detected the defendant traveling at 55 miles per hour in a 40 miles per hour zone.  The court credited the officer's testimony that, during the traffic stop, the officer observed that the defendant had bloodshot eyes, a flushed face, and that he smelled of alcohol.  Although the defendant initially denied having consumed alcohol that evening, he subsequently admitted that he had a glass of wine with dinner.  Thereafter, a second police officer administered three field sobriety tests to the defendant, each of which resulted in scores indicating that the defendant was impaired.  The defendant refused requested chemical testing, and was arrested.  Accordingly, noting that "[t]he State's proof included illegal operation of the vehicle, an odor of alcohol, an admission of drinking, 'failed' field sobriety testing[,] and refusal to take requested chemical testing," the trial court concluded that the State had met its burden to prove, beyond a reasonable

doubt, that the defendant was guilty of driving while under the influence of intoxicating liquor.  See RSA 265-A:2, I(a); Kelley, 159 N.H. at 452.

Based upon our review of the record, these findings are supported by the evidence.  Although the defendant emphasizes different facts and conflicting evidence, and offers alternative explanations and interpretations of the evidence — challenging, among other things, the credibility of the officers, the accuracy of the radar unit, and the results of the field sobriety testing — "any conflicts in the evidence are for the fact finder to resolve."  State v. Wiggin, 151 N.H. 305, 310 (2004).  We defer to the trial court, as the trier of fact, on such matters as evaluating the credibility of witnesses, resolving conflicts in testimony, and determining the weight to be given evidence.  See State v. Alwardt, 164 N.H. 52, 57 (2012).  Accordingly, viewing the evidence and all reasonable inferences to be drawn from it in the light most favorable to the State, we conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of driving while under the influence of intoxicating liquor.  See Kelley, 159 N.H. at 452, 455; Wiggin, 151 N.H. at 308-10.

To the extent that the defendant raises any additional arguments, they are either not preserved or not adequately developed for our review.  See State v. Blackmer, 149 N.H. 47, 48-49 (2003) (explaining that we will not review any issue not raised or objected to in the trial court, and that we also will not review complaints about adverse rulings, or off-hand or passing references to constitutional rights, without developed legal argument).

Affirmed.

MacDonald, C.J., and Bassett and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2