# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0395, <u>State of New Hampshire v. Diane V. Clement</u>, the court on September 19, 2022, issued the following order:**

Having considered the defendant's brief and reply brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Diane V. Clement, appeals her convictions in Circuit Court (<u>Stephen</u>, J.) on charges of driving under the influence of liquor (DUI), <u>see</u> RSA 265-A:2, I(a) (2014), and possession of an open container of liquor, <u>see</u> RSA 265-A:44 (2014). We construe her brief to challenge the sufficiency of the evidence. We affirm.

To prevail in her challenge to the sufficiency of the evidence, the defendant must show that no rational trier of fact, viewing the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Ducharme</u>, 167 N.H. 606, 616-17 (2015). To convict the defendant of DUI, the State was required to prove beyond a reasonable doubt that she drove a vehicle upon a way while under the influence of intoxicating liquor. <u>See</u> RSA 265-A:2, I(a). To prove that the defendant was under the influence of intoxicating liquor, the State needed to prove only that she was impaired to any degree. <u>State v. MacDonald</u>, 156 N.H. 803, 804 (2008).

A witness testified that on February 8, 2018, she observed the defendant's motor vehicle "smash . . . right square into the center median" on Interstate Route 93 North. She testified that, after the accident, the defendant "appeared dazed and a bit confused." The witness "had a hard time making out what [the defendant] was saying" because her "words were slurred and mumbled." She also observed that the defendant's "eyes were . . . a little bit glassy." The witness had the impression that the defendant "was impaired."

The State trooper who responded to the accident testified that when he arrived, the defendant "climbed out of the driver's seat . . . holding onto the roof of the car." He testified that she "seemed kind of dazed and confused" and "was unsteady in her stance." When the trooper asked the defendant how the accident happened, "she said she really wasn't sure." The trooper detected "a strong odor of an alcoholic beverage . . . coming out of her vehicle." He testified that "[s]he had glassy, bloodshot eyes," and that "she didn't speak very clearly." Her speech was "mush mouth" and "thick-tongued." When the trooper asked

the defendant for her license and registration, she "reached into the center console" and "started fumbling through" a "stack of . . . credit cards," but was unable to provide her license. She "never acknowledged" the trooper's request for her vehicle registration. After the defendant exited her vehicle, the trooper smelled "the odor of alcohol coming from her face." The trooper, who was certified in the administration of field sobriety tests, administered the horizontal gaze nystagmus test and observed six of six signs of possible impairment. On the walk-and-turn test, he observed four of eight signs of possible impairment. On the one-leg stand test, he observed three of four signs of possible impairment.

The trooper placed the defendant under arrest for DUI. Following her arrest, the defendant refused consent to a blood draw. See RSA 265-A:10 (2014). During an inventory search of the vehicle, the trooper found "in the backseat of the car . . . a 750-milliliter bottle of Tito's vodka" with "probably 10 ounces or so" left in the bottle. As the trooper was transporting the defendant to the police station, he noticed that "the same strong odor of alcohol was coming from the back of [his] cruiser, which wasn't present prior to her arrival in [his] cruiser." At the station, the defendant "had trouble" finding the signature line on the administrative license suspension form.

The defendant argues that, in convicting her, the trial court failed to consider her diagnosed mental health illness. The trooper testified that the defendant informed him that she takes medication for anxiety, but that she provided no other information, except that she had not taken any medications that evening. The defendant attached to her brief a letter from a physician stating only that the defendant "is a patient under my care." On appeal, we consider only evidence and documents presented to the trial court. Flaherty v. Dixey, 158 N.H. 385, 387 (2009); see Sup. Ct. R. 13; see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). Nothing in the record shows that the defendant submitted the letter as an exhibit at trial. Accordingly, we do not consider it. Nor do we consider the allegations in her brief that are not supported by testimony. The defendant has not demonstrated that the trial court failed to consider any evidence that was submitted at trial relating to her mental health. Even if the defendant had presented such evidence, it was for the trier of fact to weigh the evidence, and neither the letter nor the unsupported allegations in the brief compel a different result. See State v. Woodbury, 172 N.H. 358, 364 (2019).

The defendant further asserts that any indications that she was "dazed, confused and agitated" were signs of an anxiety attack, not impairment. She also notes that the trooper was unable to recall certain details regarding her performance on field sobriety tests, requiring him to refer to his report to refresh his memory. She claims that the trooper's testimony regarding the location of the vodka bottle in her vehicle was inconsistent with his description

2

in the complaint.  These issues likewise go to the weight of the evidence, rather than its sufficiency, and it was for the trial court to determine the weight of the evidence and resolve conflicts in the testimony.  See id.

The defendant notes that the State failed to introduce the vodka bottle into evidence.  We conclude that the witnesses' testimony was sufficient to prove the elements of both offenses without introducing the vodka bottle into evidence.  See State v. Kelley, 159 N.H. 449, 454 (2009) (officer's testimony sufficient to prove impairment).  The mere fact that the State did not introduce the bottle into evidence does not support the defendant's suggestion that the State withheld evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

To the extent that the defendant raises additional arguments in her brief, we conclude that they are inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993); see also Appeal of Omega Entm't, 156 N.H. 282, 287 (2007) (off-hand invocations of constitutional rights without support by legal argument or authority does not warrant extended consideration).

The defendant's request for reimbursement of court costs, impaired driver care management program classes, and DMV fees is denied.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**